Commercial Mortgage & Finance Co., an Illinois Corporation, as Trustee, Joseph R. Johnson, et al., Appellees, v. Woodcock Construction Co., an Illinois Corporation, et al., R & S Plumbing & Heating, Inc., an Illinois Corporation, and New Milford Lumber Co., an Illinois Corporation, Appellants. Marion Lindgren, Appellant.

Gen. No. 11,897.

Second District.

August 24, 1964.

61

Pedderson, Menzimer & Conde, Sype & Kalivoda, and Kenneth D. Palmer, all of Rockford (Dale F. Conde and John E. Supe, of counsel), for appellants.

Wilbur E. Johnson, of Rockford, for appellees.

CARROLL, J.

Plaintiffs brought suit to foreclose a trust deed in the nature of a mortgage on certain real estate in which plaintiff, Commercial Mortgage & Finance Co. (referred to herein as plaintiff) was the grantee and trustee. The other plaintiffs were the owners of the note secured by the trust deed. The complaint alleges that defendants, R & S Plumbing & Heating, Inc. (referred to herein as R & S Plumbing) and New Milford Lumber Co. (referred to herein as New Milford) each claim an interest in premises described in the trust deed by virtue of a claim for mechanic's lien; that the trust deed was executed June 5, 1961 and

recorded June 8, 1961 at 12:18 o'clock; and that on June 6, 1961 both defendants by written agreement subordinated their mechanic's lien claims to the lien of said trust deed. Copies of these agreements are attached to the complaint.

The defendants, R & S Plumbing and New Milford answered the complaint and filed counterclaims for the foreclosure of their claims for mechanic's liens. In answer to the plaintiffs' allegation that these defendants had subordinated their rights to the plaintiffs' trust deed, the defendant, R & S Plumbing, admitted the signing of the subordination agreement "but says further that it was represented to said defendant that the plaintiff herein would hold the mortgage funds and would protect said defendant and pay defendant's plumbing bill directly to defendant when said residence was completed, but that in fact said plaintiff failed and neglected to hold all funds and has failed and neglected to pay defendant, R & S Plumbing and Heating, Inc., its plumbing bill herein." The defendant, New Milford, in its answer also admitted the signing of the subordination agreement but alleged "the fact to be that plaintiff represented to this defendant that in return for signing said Subordination Agreement, the plaintiff would hold the mortgage funds to protect this defendant and to guarantee payment of this defendant's lumber and mill work bill and that the plaintiff would pay said bill direct to this defendant upon completion of the residence to be constructed upon the premises described, but that in fact, the plaintiff has failed and neglected to hold said funds for this purpose and has failed and neglected to pay this defendant its lumber and mill work bill although often requested to do so."

(Although the defendants, R & S Plumbing and New Milford, filed separate pleadings below, in this court they filed a joint brief.)

The brief of the defendants is taken up with an attempt to show that the subordination agreement of these defendants should not be enforced against them for various reasons, such as equitable estoppel, that the waivers were made by these defendants without a full disclosure of the facts, that such a waiver is against public policy, etc. We do not deem it necessary to weigh the merits of these arguments since these defendants, as mechanic's lien claimants, failed to submit any proof that they enhanced the property in value.

Section 16 of the Mechanic's Lien Act provides as follows:

> "No incumbrance upon land, created before or after the making of the contract under the provisions of this act, shall operate upon the building erected, or materials furnished until a lien in favor of the persons having done work or furnished material shall have been satisfied, and upon questions arising between incumbrancers and lien creditors, all previous incumbrances shall be preferred to the extent of the value of the land at the time of making of the contract, and the lien creditor shall be preferred to the value of the improvements erected on said premises, and the court shall ascertain by jury or otherwise, as the case may require, what proportion of the proceeds of any sale shall be paid to the several parties in interest. All incumbrances, whether by mortgage, judgment or otherwise, charged and shown to be fraudulent, in respect to creditors, may be set aside by the court, and the premises freed and discharged from such fraudulent incumbrance." Ill Rev Stats 1963, Chapter 82, Section 16.

■■■■■ Under this statute, where the contract of the lien claimant is made after the incumbrance in the form of a mortgage or trust deed has been recorded,

64

then the subsequent mechanic's lien is preferred only in proportion to the value of the improvements which form the basis for the lien. Bradley v. Simpson, 93 Ill 93; Grundeis v. Hartwell, 90 Ill 324; Marshall v. Butler, 174 Ill App 502.

The claim for lien of R & S Plumbing shows that the contract between R & S Plumbing and the owner was made subsequent to the recording of the trust deed. The claim for lien of New Milford alleges that the contract between it and the owner was made on June 8, 1961, the same date as the plaintiffs' trust deed was recorded. An examination of the transcript of the testimony fails to show any evidence of the time of day when this contract was made. Plaintiff, having introduced into evidence the recorded trust deed showing by the Recorder's mark that it was filed at 12:18 p.m. on June 8, 1961, we shall assume that the trust deed was recorded prior to the making of the contract between New Milford and the owner.

■ ■ A mechanic's lien claimant whose contract with the owner is made after an incumbrance, such as a mortgage or trust deed is recorded, in order to have a preference over the incumbrance, must prove that he has enhanced the value of the property. If he fails to prove this, then the incumbrance will have complete priority over the mechanic's lien. Metropolitan Life Ins. Co. v. Ohlhaver, 284 Ill App 477, 1 NE2d 259. There being no evidence whatsoever in the record that the defendants enhanced the value of the property, even if the subordination agreements were held to be a nullity, the defendants, as mechanic liens claimants could not have priority over the plaintiffs' trust deed. The chancellor, in finding that the lien of the trust deed was a first and prior lien was, therefore, correct and that part of the decree should be affirmed.

In addition to the mechanic's lien claimants, Marion Lindgren was made a defendant. It appears from the

65

record that on August 18, 1961 and September 15, 1961, the United States made assessments against Woodcock Construction Co., the original borrower, for withholding taxes which had not been paid. On October 20, 1961 and November 22, 1961, the District Director caused notices of these liens to be filed with the Recorder of Deeds of Winnebago County. The property was sold by the United States on November 20, 1961, to Kenneth D. Palmer. Palmer assigned the Certificate of Sale to the defendant, Marion Lindgren.

Marion Lindgren answered the complaint and filed her counterclaim. In the counterclaim she alleges that by virtue of the provisions of 26 USC Sec 6323, that her interest in the subject premises is superior to that of the other parties defendant. The evidence shows that Woodcock Construction Co., in the trust deed that it executed to Commercial Mortgage and Finance Co., waived its right of redemption, such waiver being allowed by statute to corporations. (Ill Rev Stats 1963, c 77, § 18a).

In reference to the interest of the defendant, Marion Lindgren, the chancellor's decree stated as follows:

"The court further finds from the evidence that the proceedings of the United States Treasury Department Internal Revenue Service in connection with the seizure and sale of the subject premises as above recited were in compliance with the statutes governing such seizure and sale, but that only the right, title and interest of Woodcock Construction Co., defendant herein, was sold at said sale and that the purchaser at such sale, the defendant Marion Lindgren being the ultimate holder of the interest acquired under said sale, took and acquired thereby no interest whatever in the subject premises for the reason that prior to the date of said sale and on, to wit: the date of the execution of said trust deed, the defendant

66

Woodcock Construction Co. had parted with all of its interest in said premises by waiving in the trust deed its right to redeem such premises from foreclosure sale, all as provided by statute and, therefore, had no interest which could be sold by the United States at such tax sale."

The court's finding that the defendant, Woodcock Construction Co., had parted with all of its interest in the premises by waiving its right of redemption in the trust deed was erroneous.

■ ■ There would appear to be no question but that a mortgage, or a trust deed in the nature of a mortgage, does not in any way divest the mortgagor of whatever legal title he has to real estate. By executing a Trust Deed, containing a waiver of its right of redemption, Woodcock Construction Co. did not divest itself of its title to the premises.

The District Director of Internal Revenue's Deed to the premises gave to Marion Lindgren all the right, title and interest of Woodcock Construction Co. in the premises. This title is subject to the interest of Commercial Mortgage and Finance Co., as is recited in the decree of foreclosure. The issue before us, therefore, is whether or not the interest of Marion Lindgren is superior to that of the mechanic's lien claimants, R & S Plumbing and New Milford. United States v. White Bear Brewing Co., 350 US 1010, is a case involving the Illinois Mechanic's Lien Act. In reversing the Court of Appeals, the Supreme Court decided that a Federal Tax Lien has priority over mechanic's lien claimant, even though the mechanic's lien claimant perfected his lien prior to the filing of government tax liens.

The remaining question raised by Marion Lindgren's brief is whether the tax sale extinguished all liens on the property which were inferior to that of the government, viz: the claims for mechanic's liens.

67

██ ██ The lien of mechanic's lien claimants, under Section 1 of the Mechanic's Lien Act, attaches as of the date of the contract. Ill Rev Stats 1963, chap 82, sec 1. The New Milford contract was made on June 8, 1961 and the R & S Plumbing contract made on July 30, 1961. The Internal Revenue Code provides that the government's lien arises at the time the assessment is made. Assessments by the government were made on August 18, 1961 and September 15, 1961. On the face of it, therefore, it would appear that the mechanic's liens first attached to the property and are, therefore, prior liens. Although the United States Supreme Court, in reversing the Court of Appeals in the White Bear decision, supra, did so without an opinion, the dissenting opinion of Justice Douglas was in pertinent part as follows: "The court apparently holds that under 26 USC Sec 3670, a lien that is specific and choate under State law, no matter how diligently enforced, can never prevail against a subsequent Federal Tax lien, short of reducing the lien to final judgment." It therefore appears that the interest of the United States, which was acquired by Marion Lindgren, is superior to that of the mechanic's lien claimants.

In support of her contention that the tax sale extinguished the claims for mechanic's liens, because these claims were inferior, Marion Lindgren cites the following authorities: Blacklock v. United States, 208 US 75 and Commercial Credit Corp. v. Schwartz, 130 F Supp 524. In the Blacklock case, ibid., the statute relating to the creation of government's lien for taxes provided that a lien on all the taxpayers property should arise upon the refusal to honor a demand for payment of taxes. The demand had in fact been made prior to the execution or recording of a certain trust deed, but there was no public record of the government's lien. The government sold the realty and ultimately issued a deed. The plaintiff, owner of the

trust deed, contended that the government was not entitled to set aside its lien through summary, nonjudicial proceedings, thus extinguishing the plaintiffs' lien on the property without having an opportunity to be heard, and accordingly was liable to him for the amount of the trust deed indebtedness. The court held that the tax sale transferred the interest the owner held at the time the government's lien first attached, which interest was free of the trust deed incumbrance. The Commercial Credit Corp. case, supra, presented the issue of whether a United States tax sale of chattels was superior to a lien created by a chattel mortgage. The court held that under 26 USCA Sec 3637(b), which provided in substance that a sale under a distraint warrant passes to the purchaser all right, title and interest of the delinquent taxpayer in the property sold, the phrase "right, title or interest" makes reference, in point of time, to the time that the government lien attaches. The case further holds that when the government lien is superior, that it extinguishes inferior liens.

Accordingly, that part of the decree which finds that the trust deed of the plaintiff is a first and prior lien and is superior to liens, rights, title and interest of all other parties is affirmed. That part of the decree which finds Marion Lindgren has no interest in the subject premises is reversed and this case is remanded with directions to enter a decree consistent with the views herein expressed.

Affirmed in part. Reversed and remanded with directions as to remainder.

ABRAHAMSON, P. J. and MORAN, J., concur.