Milton Hinkle and Frank Percival, Partners, Doing Business as Hinkle & Percival, Masonry Construction, Plaintiffs-Appellees, v. Donald Creek, Defendant-Appellant, and Mattoon Area Industrial Corporation, an Illinois Corporation, Vernon Green Excavating, Republic Steel Corporation, a Corporation, Farrier Construction, Allen & Pauley, Associates, Albert Teaters, Elder Care, Inc., a Corporation, and Virgil Bader, Harry Diepholz, d/b/a Diepholz Trucking, Defendants-Appellees.

Gen. No. 11,007.

Fourth District.

September 22, 1969.

Roscoe D. Cunningham, of Lawrenceville, for appellant.

Brainard & Bower, of Charleston (J. Leeds Bower, of counsel), and Frank H. Schniederjon, of Effingham, for appellees.

TRAPP, P. J.

The trial court entered a decree for foreclosure of mechanics' liens, and by subsequent order determined the priorities between the several lien creditors, and entered judgment for deficiencies against Creek, defendant and owner of the premises. C 82, § 19, Ill Rev Stats 1967. Creek appeals from the deficiency judgments entered in favor of the lien creditors. The plaintiffs, who are masonry contractors, cross-appeal from that part of the decree establishing a lien in favor of Republic Steel Corporation, hereinafter designated Republic.

Creek undertook the construction of a nursing home in Mattoon. Plaintiffs brought action to foreclose their mechanic's lien when the masonry work had not yet been completed. Republic and Farrier Construction Company filed counterclaims in the foreclosure proceedings which set out their respective claims for lien. Republic had fabricated a substantial number of steel beams, steel

plates and window lintels to specifications of the owner. At the time of the action to foreclose, all of such steel products had been delivered to the owner, or to the construction site. Most of the lintels had been incorporated into the masonry walls, but the beams and plates were not. It appears that the purchaser at the foreclosure sale subsequently used the steel products to complete the structure.

Creek, the owner, asserts that the several deficiency judgments were entered summarily and without notice in the pleading and that the court was without authority to enter judgments against him "because of insufficient prayers for relief," and that he was not afforded an opportunity to present alleged defenses.

The record simply does not support such contentions. Plaintiffs' complaint for foreclosure asked for foreclosure of the lien and such other relief as might be required. The counterclaim of Republic prayed foreclosure of its lien and in specific terms, a deficiency judgment. The counterclaim of Farrier prayed foreclosure of a lien and a money decree in the event that the foreclosure sale did not raise sufficient proceeds. All such pleadings were on file more than a month before the hearing and subsequent decree for foreclosure. His answer to the counterclaim of Republic made no reference to the claim for deficiency. His argument that the relief prayed in the complaint and counterclaims was limited to foreclosure of the real estate fails to achieve credibility.

Creek also argues that he was deprived of an opportunity to present his defenses to the several claims. While docket entries incorporated into the record suggest that he filed answers to the several claims, he did not include them in the record. His answer to the counterclaim of Republic only appears in a supplemental record filed by that party.

C 82, § 13, Ill Rev Stats 1967, provides that the defendant in proceedings to foreclose a mechanic's lien shall

456

answer as in any other civil proceedings, and may make any defenses and may recover on a counterclaim. Section 9 provides that the plaintiff and all defendants to a complaint in foreclosure may contest each other's right without any formal issues of record made up between them, both as to the right to the benefit of the lien claim and to the amount due.

The decree finds that Creek had filed answer and had been served with notice of the hearing on foreclosure which was held on October 9, 1967. He did not choose to appear personally or by counsel. Subsequent to the foreclosure sale, a hearing was held to determine the priorities of the several liens. Defendant was present with counsel but made no offer of evidence as to the alleged defenses. Creek's objections to the "proposed order" fixing priorities and determining the deficiency judgment contains no mention of any defenses. At the hearing to determine priorities between the several liens, Creek was called as a witness by Republic for the purpose of establishing the fact of delivery of Republic's material. So far as the record shows, he did not testify, or ask to testify, concerning the alleged defenses.

In argument here, Creek contends that there were substantial defects in the steel supplied by Republic. While the record makes clear that Creek has failed to present evidence in the trial court concerning any defense, we glean from the record a contention that the steel beams and plates were too long. Such, however, could in no wise be a defense to a claim of Republic, as the same evidence discloses that the footings were twelve inches narrower than the specifications provided. There is no valid issue preserved on appeal.

Upon the cross-appeal, plaintiffs contend that the court erred in finding that Republic had a mechanic's lien "for the full amount claimed" and in finding that Republic was entitled to share in the net proceeds of the sale in foreclosure. The contention is bottomed upon the evi-

dence that steel beams and plates had not been placed in the building as partially constructed at the time of foreclosure, but that such items remained stacked on the premises as delivered. It is urged that Republic could have picked up the material and hauled it away for other sales since c 82, § 4, Ill Rev Stats 1967, authorizes a materialman to elect to retake possession of the materials upon breach of the contract. The question is whether such statutory election is to be deemed a duty as to other lien creditors.

■■ The evidence is that Republic fabricated all material to specifications, but maintained no inventory of steel products for sale, and that it was unlikely that the material could be sold. Republic's lien would be lost if the material was removed from the premises. R. Haas Electric & Manufacturing Co. v. Springfield Amusement Park Co., 236 Ill 452, 86 NE 248. Upon the facts present here such elective relief is singularly ineffectual. No authority is cited that suggests that the materialman's election under § 4 is to be raised to the status of a duty to another lien creditor.

Plaintiffs also urge that the proof of delivery by Republic is not sufficient under c 82, § 7, Ill Rev Stats 1967, to establish a lien for material since there is no affirmative evidence of use in the construction by defendant, but rather the evidence is that it was not so used at the time of foreclosure. They cite only Builders Material Co. v. Johnson, 158 Ill App 411 (1910), as authority that there is no lien if the material is not actually placed in the building. That case concerned lumber supplied for use in forming concrete but not intended to be incorporated into the structure and such lumber was taken away upon completion. The statute was thereafter amended in 1913 to provide a lien as to material used in the process of construction.

458

Section 7 provides:

". . . nor shall any such lien for material be defeated because of lack of proof that the material after the delivery thereof, actually entered into the construction of such building or improvement, *although it be shown that such material was not actually used in the construction* of such building or improvement; Provided, it is shown that such material was delivered either to said owner or his agent for such building or improvement, to be used in said building or improvement, or at the place where said building or improvement was being constructed, for the purpose of being used in construction or. . . ." (Emphasis supplied.)

■ Delivery of material for the "purpose" of being used in construction is sufficient to support a lien for material. D. D. Kennedy, Inc. v. Lake Petersburg Ass'n, 54 Ill App2d 85, 203 NE2d 145. In Burgoyne v. Pyle, 261 Ill App 356, p 366, it is said:

"Under the provisions of this section the claimant is given the alternative of proving either that the material for which the lien is claimed was actually used in the building, or that it was delivered for the purpose of being used. This alternative is important only where the evidence fails to show that the materials were used, or where it affirmatively appears from the evidence that they were not used."

■ The record is clear that the steel products of Republic were delivered to the defendant or at the place where the building was being constructed for the purpose of being used in the construction. It was intended that steel become the property of the builder. D. D. Kennedy, Inc. v. Lake Petersburg Ass'n, 54 Ill App2d 85, 203 NE2d 145. The fact that such material was not used by defendant did not result from any conduct of Republic.

459

■■■■

As stated in Love: Illinois Mechanic's Liens, 2nd ed 1950, at p 129:

"If the owner then fails to use the material for the purposes for which intended, that is of no effect on the lien right, because it is contrary to the intention of the parties, i. e., it is in disregard of the purpose for which delivery was made."

■■ Plaintiffs also argue that the steel supplied by Republic did not substantially benefit the improvement and contend that under c 82, § 16, Ill Rev Stats 1967, Republic may have a lien only to the extent that the material enhanced the value. Such section relates to priorities between parties claiming a mechanic's lien and those claiming under an existing contract, mortgage or judgment as incumbrancers. It is held that between parties to the construction contract, the contract price established is of value of the improvement. Moulding-Brownell Corp. v. Delfosse Const. Co., 304 Ill App 491, 26 NE2d 709. Plaintiffs are a lien-creditor rather than an incumbrancer entitled to claim the benefit of this statutory provision.

The decree of the trial court is affirmed.

Affirmed.

SMITH and CRAVEN, JJ., concur.