Rust Contracting & Supply Company, Inc., a Corporation, Plaintiff-Appellant, v. Swiss Valley, Inc., a Corporation, Illinois State Trust Company, a Corporation, James D. Johnson and Ruth M. Johnson, Architectural Associates, a Corporation, and Unknown Owners, Defendants-Appellees.

Gen. No. 69–10.

Fifth District.

May 18, 1970.

Roberts, Gundlach & Lee, of East St. Louis (Richard E. Boyle, of counsel), for appellant.

Walker & Williams, of East St. Louis (David B. Stutsman, of counsel), for appellees.

GOLDENHERSH, J.

Plaintiff, Rust Contracting & Supply Company, Inc., appeals from the decree of the Circuit Court of St. Clair County entered in its action to foreclose a mechanic's lien.

Plaintiff's amended complaint, in two counts, seeks foreclosure of a mechanic's lien and a money judgment against the defendant, Swiss Valley, Inc., hereafter called Swiss Valley. Defendants, Illinois State Trust Company, and James D. Johnson and Ruth M. Johnson, jointly, are the holders, respectively, of a first and second mortgage on the premises involved. Illinois State Trust Company filed a counterclaim to foreclose its mortgage and the Johnsons answered asserting the priority of the lien of their second mortgage as against all claimants, subject only to the mortgage lien of Illinois State Trust

Company. Robert P. Weinel and Architectural Associates, Inc. filed counterclaims seeking to foreclose mechanic's liens.

All parties except Architectural Engineers, Inc. presented evidence in the trial court. The court entered judgment in favor of plaintiff and against Swiss Valley on its count seeking a money judgment. It entered its decree finding the mortgage of Illinois State Trust Company to be a first and prior lien, the mortgage held by the Johnsons to be second in priority, and the mechanic's liens of plaintiff and Weinel to be third in priority and equal in priority as to each other. The decree provided for a sale of the premises and disbursement of the proceeds to Illinois State Trust Company, the Johnsons, and plaintiff and Weinel in that order.

It is plaintiff's contention that the work it performed enhanced the value of the land so as to entitle its lien to a priority over the first and second mortgages.

■ The testimony shows that the land in question is a parcel of 195.67 acres. Rust had cleared, excavated, and drained the property and furnished and installed concrete culverts. Swiss Valley was satisfied with the work, and the amount of plaintiff's claim is not in issue. Both plaintiff and Illinois State Trust Company called expert witnesses and there is a sharp conflict in the testimony as to whether plaintiff's work enhanced the value of the property. Plaintiff had the burden of proving that the value of the mortgaged premises was enhanced by the improvement. Metropolitan Life Ins. Co. v. Ohlhaver, 284 Ill App 477, 483, 1 NE2d 259; Commercial Mortgage & Finance Co. v. Woodcock Const. Co., 51 Ill App2d 61, 65, 200 NE2d 923.

In its decree the court found:

"8. That the development plan of Swiss Valley, Inc., for said premises was abandoned on or about July 1, 1966, and none of the work or services per-

formed by either Rust Contracting & Supply Co. or Robert P. Weinel, enhanced the value of said real estate in any degree or amount."

In the review of a case tried without a jury, an appellate court should not disturb the findings of the trial court unless they are manifestly erroneous. People ex rel. v. Chicago & N. W. Ry. Co., 17 Ill2d 307, 161 NE 2d 126. The application of this rule to our review of the record requires affirmance of the decree.

Decree affirmed.

MORAN and EBERSPACHER, JJ., concur.