E. H. RIPPERDEN, Plaintiff-Appellee, *v.* HENRY ABSHER CHEVROLET, INC. *et al.*, Defendants-Appellants.

(No. 70-44;

Fifth District—October 7, 1971.

David L. Stanley and Kern and Pearce, of Carmi, for appellants.

Bernard L. Minton, of McLeansboro, for appellees.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiff E. H. Ripperden filed suit against the defendants to foreclose a mechanic's lien for concrete furnished for a garage building on a six-acre tract of land owned by the defendant, Absher Chevrolet, Inc., hereinafter referred to as Absher. The complaint alleged that the value of the premises was enhanced in excess of $2215.70, by reason of the concrete furnished. Absher counter-claimed for damages, claiming Ripperden had refused to pay for a truck he had purchased from Absher.

The trial court entered a judgment awarding a mechanic's lien to Ripperden, but reserved the right to determine priorities at a later date because the question of priorities between the lienor and the mortgagee was not made an issue in the hearing. The trial court also dismissed defendant's counterclaim, holding that Absher did not prove the material allegations of its counterclaim.

Defendant contends (1) that the judgment is defective because the

evidence showed that some of the concrete products were used in the construction of another building owned by defendant and this building was not included either in the claim for lien filed or the complaint; (2) that plaintiff failed to establish that the materials he furnished enhanced the value of the premises; and (3) that the claim for relief based on the sale of a truck to plaintiff should not have been denied.

■■■ The variance alleged must be substantial and material to be fatal. *United Cork Companies v. Bolland,* 365 Ill. 564. The variance in this case is not substantial and material for the reason that the concrete materials alleged to have been delivered for the construction of the garage building were used either in that building or in the other building also located on the tract of land described in the claim for lien and in the complaint.

■■■ As between the lienor and owner, it is not necessary that the materials furnished enhance the value of the premises. As between the parties to the contract, the contract price establishes the value of the improvements. (*Moulding-Brownell Corp. v. E. C. Delfosse Construction Co.,* 304 Ill.App. 491. *Hinkle v. Creek,* 113 Ill.App.2d 454.) The lien attaches by virtue of the provisions of Ill. Rev. Stat. 1969, ch. 82, par. 1. The fact that a mortgagee might have priority over a mechanic's lien is not a ground for denial of the lien. *Liddel v. Smith,* 65 Ill.App.2d 295.

The evidence disclosed that during July of 1966 plaintiff negotiated with Absher for the purchase of a new truck. In substance, Ripperden testified that he agreed to purchase the new truck with a new bed and hoist on it. When it was delivered to him on July 13, it did not have a bed and he refused to accept delivery. The truck which was delivered by Absher's employees remained on his lot for several weeks and he did not drive it or make any payments on it or sign a note during that time. Sometime in August, Henry Absher and Van Ward, his truck sales manager, came to Ripperden's house with a note for the purchase price. Ripperden testified that they told him if he would sign the note they would have the brakes fixed on the truck and would have a bed and hoist installed. Ripperden's wife substantiated this testimony. He returned the truck to Absher Chevrolet the next day and never saw it again, although he and his employees made several inquiries at Absher Chevrolet about the return of the truck.

■■ We believe the evidence amply justified the trial court's finding. The finding that the material allegations of defendant's counterclaim were not proved is not contrary to the manifest weight of the evidence. *Vassel v. Underwood,* 85 Ill.App.2d 222, *Elliot v. Nordlof,* 83 Ill.App.2d 279.

■■■ In its decree the trial court ordered that defendant Absher pay plaintiff the sum of $2215.70 plus interest and costs within ten days or in the alternative that the premises be sold and that upon sale after pay-

ment of costs, commissions and fees if the remainder were sufficient, that the judgment amount be paid to plaintiff. In the same order the court stated that it reserved ruling upon the priority between plaintiff as lienor and mortgagee, First National Bank of Carmi. To the extent that the decree provided that plaintiff be paid out of the proceeds of the sale, it did determine that plaintiff had priority over the mortgagee. However, there was no proof that the concrete furnished by the plaintiff enhanced the value of the premises and in the absence of that proof the decree must be modified to provide that upon sale of the property, all of the proceeds be paid into the trial court where, if a sale is necessary, a judicial determination of priorities may be had. Defendants advanced no authority and we find none that it is improper to reserve ruling or priorities of lien claimants and encumbrancers for subsequent hearing.

Accordingly, the judgment of the Circuit Court of White County is modified to provide that all proceeds of a judicial sale, if necessary, be paid into the court to be distributed pursuant to a subsequent hearing to determine priority by the trial court, and as modified the judgment is affirmed.

Modified in part and affirmed.

EBERSPACHER, P. J., and JONES, J., concur.