LAWN MANOR SAVINGS AND LOAN ASSOCIATION, Plaintiff, *v.* JAMES HUKVARI *et al.*, Defendants.—(DES PLAINES LUMBER AND COAL COMPANY, INC., Defendant-Appellee; GLADSTONE-NORWOOD TRUST AND SAVINGS BANK, Intervenor-Appellant.)

Second District No. 78-522

Opinion filed November 20, 1979.

Walsh & Fielding, of Chicago, for appellant.

DeHaan & Stronberg, of Chicago, for appellee.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

This appeal presents the single issue of whether a lien claimant who seeks to enforce a mechanic's lien against the proceeds of a judicial sale is entitled to the contract price or is limited to enhancement value when the proceeds are sufficient to pay both the mortgagee and the lien claimant.

Plaintiff, Lawn Manor Savings and Loan Association, filed suit to foreclose a mortgage on certain property in Lake County, Illinois. Defendant, Des Plaines Lumber and Coal Company, Inc., filed a counterclaim for a mechanic's lien for furnishing lumber supplies and carpentry materials for construction on the property. Gladstone-Norwood Trust and Savings Bank (Gladstone), the assignee of the beneficial interest in the land trust holding title to the property, intervened

in the proceeding. The judgment of foreclosure held that Lawn Manor's rights were superior to all except Des Plaines Lumber, and as between those parties, the priority would be determined at a later date. The order further held that Lawn Manor was entitled to recover $91,906.44. Gladstone purchased the property for $130,000 at the judicial sale. The foreclosing mortgagee was paid in full from the proceeds of the sale leaving a surplus of $37,273.26. A trial was then held on the question of the validity and amount of the mechanic's lien. Gladstone sought to limit Des Plaines Lumber's recovery to the amount its goods and services enhanced the value of the property. The parties' stipulation indicated that, under the contract, Des Plaines Lumber was entitled to $24,170.46, which included interest on the contract price. The stipulation further indicated that Gladstone's expert, if he had been allowed to testify, would have stated that Des Plaines Lumber's materials enhanced the value of the property $11,660. The trial court refused to allow the expert's testimony on the ground that enhancement value was not relevant. The court then entered judgment for Des Plaines Lumber for $24,170.46 to be paid out of the proceeds from the judicial sale. Gladstone filed a timely appeal.

■■ The purpose of the Mechanics' Lien Act is to protect those who in good faith furnish material or labor for construction of buildings or public improvements. (*Chicago Cut Stone Co. v. Nicosia* (1960), 26 Ill. App. 2d 23, 167 N.E.2d 577 (abstract).) Section 1 of the Act provides that a party who furnishes labor or materials shall have a lien upon "the land and improvements thereon for the *amount due to him* for such material, fixtures, apparatus, machinery, services or labor, and interest from the date the same is due." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 82, par. 1.) As a general rule, therefore, the amount of the lien is determined by the amount of the contract. *Hinkle v. Creek* (1969), 113 Ill. App. 2d 454, 460, 251 N.E.2d 111, 115; *Moulding-Brownell Corp. v. E. C. Delfosse Construction Co.* (1940), 304 Ill. App. 491, 498, 26 N.E.2d 709, 712.

■■ Under section 16 of the Act, "* * * upon questions arising between incumbrancers and lien creditors, all previous incumbrances shall be preferred to the extent of the value of the land at the time of making of contract, and the lien creditor shall be preferred to the value of the improvements erected on said premises * * *." (Ill. Rev. Stat. 1977, ch. 82, par. 16.) Thus where there is a conflict of priorities between a foreclosing mortgagee and mechanics' lien claimants, a lienor's claim is limited to a percentage of recovery based upon the value of his improvements. (*Commercial Mortgage & Finance Co. v. Woodcock Construction Co.* (1964), 51 Ill. App. 2d 61, 65, 200 N.E.2d 923, 925; see also Illinois Mechanics' Liens, par. 22 (Ill. Inst. Cont. Leg. Ed. 1978).) However, as the above-quoted language suggests, this provison only applies to "questions arising between incumbrancers and lien creditors";

that is, where the fund is insufficient to pay all claims in full. (*Hosna v. White* (1972), 3 Ill. App. 3d 559, 278 N.E.2d 197 (abstract).) Since in this case the fund is sufficient to pay both claims, the general rule applies and Des Plaines Lumber is entitled to recover the contract price.

Gladstone argues that this case is controlled by the following language in *Moulding-Brownell Corp.*:

"As between the parties to the contract, the contract price establishes the value of the improvements. As against the mortgagee and all other third persons, the reasonable value of the improvements must be proven to establish the enhancement." (304 Ill. App. 491, 498, 26 N.E.2d 709, 712.)

Gladstone's reliance on *Moulding-Brownell Corp.* is misplaced. That case involved a priorities question since the fund was insufficient to pay both the mortgagee and the lien claimants. Thus section 16 was the appropriate statutory provision to apply. We find the language in *Moulding-Brownell Corp.* to be inapplicable to the instant case, where the fund is sufficient to pay both claims.

Accordingly, we affirm the decision of the Circuit Court of Lake County.

Affirmed.

WOODWARD and SEIDENFELD, JJ., concur.