## Joseph W. Wendell et al. v. Thomas Pinneo.

1. VENDOR'S LIEN—*upon what predicated.* The lien of a vendor upon real estate sold, in cases where the purchase money has not been paid and no security taken therefor, stands upon the equitable presumption that it was not intended by the parties that. one should part with and the other acquire the premises without payment of the purchase price.

2. VENDOR'S LIEN—*burden of establishing waiver of.* The burden of establishing the waiver of the vendor's lien rests upon the party alleging such waiver.

3. VENDOR'S LIEN—*what not essential to creation of.* It is not essential to the right to enforce a vendor's lien that the vendor must appear by some affirmative act to have retained such lien.

Bill to enforce vendor's lien. Appeal from the Circuit Court of Logan County; the Hon. J. H. MOFFATT, Judge, presiding. Heard in this court at the November term, 1904. Affirmed. Opinion filed June 8, 1906.

BALDWIN & STRINGER, for appellants.

HUMPHREY & ANDERSON, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Thomas Pinneo, appellee, filed a bill in the Circuit Court of Logan County against appellants, Joseph W. Wendell and Helen Wendell, his wife, to reform and correct a deed made by appellee and wife to said Joseph W. Wendell, and to have the premises conveyed by the deed declared subject to a vendor's lien for the sum of $400 unpaid purchase money and interest thereon, to which bill answer was filed by appellants.

Upon a final hearing in the Circuit Court of said Logan county, on bill, answer and report of the master in chancery, a decree was rendered in favor of Pinneo correcting and reforming said deed and directing that if the sum of $488.33 with interest at five per centum was not paid within thirty days from date of decree, that the premises involved be sold by the master in chancery in the same manner as in case of foreclosure. From such decree appellants perfected this appeal.

In his bill appellee set up in substance that he had an interest in the lands involved, evidenced by a bond for a deed made to him by one James Ryan, and that he sold said land to Joseph W. Wendell for the agreed price of $3,000 and the use and possession of the land by Pinneo for the year 1900; that out of said sum of $3,000 there should be paid to Ryan the amount due him on his bond and the balance paid to Pinneo; that pursuant to such agreement a deed was made on March 8, 1900, by Pinneo and wife to Wendell, but that by mistake it was not stated in said deed that Pinneo was to have the use and possession of said premises for the year 1900; that the amount due Ryan upon his bond was $2,350 which was paid to him on the twentieth day of March, 1900, when he executed a quitclaim deed to said Joseph W. Wendell; that upon the closing of the transaction there was left due and unpaid to Pinneo from said Joseph W. Wendell the sum of $400 which said sum with interest from the eighth day of March, 1900, had never been paid or discharged. The bill prayed to have said deed corrected and amended so as to show that the use and possession of said premises were to remain with Pinneo for the year 1900, and that Pinneo be decreed to have a vendor's lien for such unpaid money and a sale ordered and directed in case Joseph W. Wendell failed to pay the same as directed by the court.

Appellants' answer denied the material allegations in said bill and upon the closing of the issues the cause was referred to the master in chancery who, after taking the evidence in the cause, reported the same to the court with his finding that Pinneo did not clearly and satisfactorily show that the written contract did not correctly express the contract between the parties. Exceptions were taken to said report and argued before the court, and such court sustained the exceptions to the report and rendered a decree in favor of appellee as hereinbefore stated.

From a consideration of all the evidence in the case we are fully satisfied that such evidence fairly and clearly preponderates in favor of appellee. The testimony of Pinneo

and Wendell is in direct conflict and upon many of the sharply controverted points may well be set aside in determining where the weight of the evidence is. Upon the main question in the case, *i. e.*, the real terms of the contract between the parties, the only evidence (outside of that of the two principals to the controversy) that seems to have any special force or value comes from James Ryan, Thomas Davy and W. A. Palmer.

Ryan, who had title to the lands in dispute and who had given Pinneo a bond for a deed, testified that both the parties came to him in March, 1900, when they all engaged in conversation in regard to the sale to Wendell and that in that conversation Ryan asked Wendell what he was to pay for the land and Wendell said he was to give $3,000 and Pinneo to stay on the place that year. Soon afterward Wendell and Ryan had another conversation upon the same subject when Ryan said to Wendell that he thought, he, Wendell, had paid too much for the place and that he could have sold it to him for less.

Palmer, who, it seems, had no interest in the case, testified that he had a conversation with Wendell in April, 1900, at Wendell's house when he asked Wendell how much he had paid for the place, and Wendell said: "It was $3,000 and this year's rent."

The testimony of these two witnesses is fully and plainly to the effect that Wendell was to pay Pinneo $3,000 for the place and allow him to have the use of the place for the year 1900. The testimony of Ryan seems to have special weight because of the fact that he was interested in the land, having title to it, and expected to be able to handle or sell it himself.

As against the testimony of these two witnesses, Ryan and Palmer, there is that of Thomas Davy, who said that at the time he drew the deed from Pinneo to Wendell he asked Wendell in the presence of Pinneo what he was to give for the land and that Wendell replied $2,600 and the use of the land for one year. In this, he supports Wendell and disputes Pinneo; but the testimony of this

witness alone cannot fairly overcome that given by the two witnesses Ryan and Palmer. Davy gives as his only reason for asking Wendell what he had agreed to pay for the land that he wanted to put the consideration in the deed, and yet without any suggestion from either party that he should do so, he failed to write in the deed the true consideration as he understood it, and wrote it as being one dollar. No sufficient reason is shown why the consideration should have been stated in the deed as being one dollar, for Davy was advised, as he remembers it, by *both* parties, that it in fact was $2,600 and the use of the place for one year. Davy's statement of this circumstance does not, of itself, give his testimony any increased weight in our opinion.

Some of the evidence offered by appellants tends to dispute Palmer as to the time when Wendell told him what he had paid for the land, yet such contradiction is upon an immaterial matter only, for it can be of no importance in determining this case, when the statement by Wendell to Palmer was made, *i. e.* whether in April, as claimed by Palmer, or September, as claimed by the other witnesses. There was no error in the holding of the court in determining that the weight of the evidence was with appellee.

The trial court in addition to finding that the sum which Wendell was to pay Pinneo was $3,000, besides the use of the land by Pinneo for the year 1900, also found that Pinneo, by virtue of the facts shown in evidence, had a vendor's lien for the balance unpaid, and decreed the enforcement of such lien by sale of the premises in case the said sum was not paid within thirty days from the rendering of the decree.

This action of the court appellants allege was error upon the ground that it does not appear from the evidence that Pinneo had in fact *retained* a vendor's lien on the land, and that such retaining, if any, must be found to exist from the declarations and conduct of the party asserting such lien, and argue that there was nothing in the conduct

Wendell v. Pinneo.

of Pinneo at the time he delivered his deed to Wendell to indicate that he intended to rely upon a vendor's lien.

This, under the authorities, we do not regard as the test in such cases. The lien of a vendor upon real estate sold, in cases where the purchase money has not been paid and no security taken therefor, stands upon the equitable presumption that it was not intended by the parties that one should part with and the other acquire the premises without payment of the purchase price. Franklin v. Hillsdale Land Co., 70 Ill. App. 297. "Although an absolute conveyance be made, and no mortgage or other security taken, still in the hands of the vendee, or subsequent purchaser with notice, the vendor has a lien on the land for his money." Dyer v. Martin, 4 Scam. 146; Croft v. Perkins, 174 Ill. 627.

A vendor's lien is created in equity without an express agreement of the parties. It is an implied agreement existing between the vendor and vendee that the former shall hold a lien on the land for the payment of the purchase money. If the vendor does not rely on the lien such implied agreement is done away with and a court of equity will hold that the lien has been waived. A vendor's lien is waived if the vendor takes other security for the purchase money. It has been held that any act manifestly declaring an intention not to rely on the lien may defeat it or prevent it from attaching. Bloomstrom v. Dux, 175 Ill. 435. "The burden of proof of the waiver rests upon the party alleging it." Wilson v. Lyon, 51 Ill. 166–169.

It must follow, we think, that if the vendor takes no security for the unpaid purchase money and does nothing that can be held to be a waiver or release of the lien in some form, and the right of no third party intervenes, then the lien continues.

None of the authorities, so far as we are advised, go to the length of holding, as appellants contend, that the vendor must by some affirmative act *retain* a vendor's lien upon the land he sells. In the case at bar we find no sufficient proof of any act upon the part of Pinneo that amounts

to a waiver or abandonment of his lien, and his lien will be preserved to him upon the equitable presumption that it was not intended by the parties that he should part with his title without payment of the purchase price.

Appellants may have forty days from the date of filing this opinion in which to pay the amount required by the decree of the Circuit Court, and costs.    In all other respects the decree of the Circuit Court is affirmed.

*Affirmed.*