MARY E. LAWLER *et al.* Appellees, *vs.* JAMES J. BYRNE,
Appellant.

*Opinion filed December 21, 1911.*

1. JOINT TENANCY—*joint tenancy of husband and wife is same
as any other joint tenancy.* Since the passage of the Married
Woman's act the common law rule that a deed to husband and
wife created in them a tenancy by the entirety, which could not
be severed by a conveyance by one of them to a stranger, has
ceased to be the law in Illinois, and a joint tenancy of husband
and wife is now governed by the rules applicable to other joint
tenancies.

2. SAME—*joint tenancy of husband and wife is severed when
one conveys his or her interest to a stranger.* A joint tenancy,
even though the joint tenants are husband and wife, is severed
when one joint tenant conveys or mortgages his or her interest to
a stranger. (*Mette* v. *Feltgen,* 148 Ill. 357, explained.)

3. SAME—*deed of one joint tenant not joined in by the other is
not void.* A deed by the wife conveying to a stranger her inter-
est in property in which she and her husband were joint tenants
is not void because the deed was not joined in by the husband.

APPEAL from the Superior Court of Cook county; the
Hon. MARTIN M. GRIDLEY, Judge, presiding.

WILLIAM SCHWEMM, for appellant.

WHITE & WILSON, and CHENEY & EVANS, (ROY A.
JUUL, of counsel,) for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a decree of the superior court
of Cook county for the partition of two lots in the city of
Chicago, described in the bill. Appellees were complain-
ants in the bill for partition. Annie E. Byrne was married
twice and appellees are her children by the first marriage.
They claim an interest in the premises by virtue of a war-
ranty deed from their mother, in which her second hus-
band, the appellant, who is the step-father of appellees, did

not join. The deed was executed December 31, 1910. The bill alleges that Annie E. Byrne and appellant, her husband, were the owners in fee simple, as joint tenants, of the said two lots; that lot 8 was occupied as a homestead by appellant and his wife until her death, which occurred January 3, 1911, and was worth at the time the deed was made to appellees, more than $3500; that the other lot is vacant and unoccupied. The bill alleged, in substance, that appellees, by virtue of the deed from their mother, the wife of appellant, became seized in fee simple, as tenants in common with appellant, of the undivided one-half of said two lots, subject to the right of homestead of appellant in lot 8, and appellees tendered in their bill to appellant $1000 for and in lieu of his homestead estate, if it should be ascertained that the homestead premises were so situated that they could not be partitioned and appellant's homestead assigned therein. The bill further alleged that the appellant, prior to the conveyance made by his wife to appellees, had the right of survivorship in the event of his wife's death but had no right of dower in or to any portion of the premises vested in his wife, and that by virtue of the deed to appellees the joint tenancy was severed and the undivided one-half of the premises passed to appellees free from any dower right of appellant. Appellant demurred to the bill. The demurrer was overruled, and, he electing to stand by his demurrer, a decree for partition was entered in accordance with the prayer of the bill and commissioners were appointed to make partition and assign homestead to appellant, if the premises were so situated that partition could be made and homestead assigned, and if the same could not be done, the commissioners were directed to fairly and impartially appraise the value of the premises and report to the court. From that decree this appeal is prosecuted.

Both parties in their briefs say it is agreed between them that the appellant and his deceased wife were joint tenants of the premises described in the bill, and that they

acquired their title as joint tenants to one of the lots in 1905 and to the other in 1909. The instruments creating the joint tenancy are not before us. The only question raised and discussed by appellant in his brief is the right of his wife to sever the joint tenancy by conveying her interest in the premises to appellees. Appellant insists that she could not do this; that her deed to appellees was void and upon her death the whole of the premises vested in her husband, as survivor.

Appellant's position is based upon the assumption that a deed to husband and wife creates in them a tenancy by the entirety, which was the rule at common law, and such a tenancy could not be severed. The authorities are abundant that a joint tenancy may be severed by one of the joint tenants conveying or mortgaging his interest to a stranger. (2 Blackstone, 185; 4 Kent's Com. 362, 363; Washburn on Real Property,—5th ed.—682; *Wilkins* v. *Young,* 144 Ind. 1, and cases there cited; *Simpson's Lessee* v. *Ammon,* 1 Binn. 175; 2 Am. Dec. 425; *Bassler* v. *Rewolinski,* 130 Wis. 26; 7 L. R. A. (N. S.) 701; *Barden* v. *Overmeyer,* 134 Ind. 660; 23 Cyc. 487, 895; 17 Am. & Eng. Ency. of Law,—2d ed.—708.) Unless, therefore, the common law rule still prevails as affecting a conveyance to husband and wife, the court did not err in decreeing that the deed by appellant's wife severed the joint tenancy and vested the undivided one-half of the premises in appellees.

In *Mittel* v. *Karl,* 133 Ill. 65, the court, in discussing the common law rule applicable to a conveyance to husband and wife, said: "This rule is predicated upon the principle that in law husband and wife are but one person, and hence cannot take an estate by moieties, but both are seized of the entirety, so that neither can dispose of the estate without the consent of the other, but the whole must remain to the survivor." But the court said the reason for this rule ceased with the adoption of the Married Woman's act of 1861. After the adoption of that act conveyances to hus-

band and wife created in them a tenancy in common, unless the instrument vesting the estate in them expressly declared that the estate should not be a tenancy in common but a joint tenancy. Tenancy by the entirety therefore ceased to exist after the disabilities of married women were removed, and a joint tenancy in husband and wife is governed by the same law applicable to a joint tenancy of persons occupying different relations.

In *Mette* v. *Feltgen,* 148 Ill. 357, this court held that a conveyance made in 1878 to a husband and wife, not as tenants in common but as joint tenants, created in the grantees an estate in joint tenancy, "with its common law incidents." Some reliance is placed on the expression "with its common law incidents," and it is argued from that expression that one of the incidents, at common law, of an estate created by a conveyance to husband and wife was that there could be no severance. This, as we have seen, was because of the legal status of the wife at common law. The husband and wife were seized, not as joint tenants but as tenants by the entirety, and therefore no right of severance existed. It is quite apparent from reading the opinion, that the court, in using the language it did, was referring to the right of survivorship as applied to all joint tenancies, no matter what the relation of the parties, and not to the common law incidents of tenancy by the entirety.

It is also contended by appellant that "the deed from Annie E. Byrne to the appellees is void because it was not joined in by her husband, the appellant." This has not been the law in this State for many years. *Thompson* v. *Minnich,* 227 Ill. 430.

No other objection to the decree having been raised or discussed in appellant's brief, the decree of the superior court is affirmed.

*Decree affirmed.*