THE PEOPLES TRUST AND SAVINGS BANK, Appellee, *vs.* JO-SEPH HAAS *et al.*—(MARSHALL FIELD & Co., Appellant.)

*Opinion filed December 21, 1927—Rehearing denied Feb. 15, 1928.*

REGISTRATION OF TITLE—*when memorial of judgment against deceased joint tenant may be removed as cloud.* The grantee of a surviving joint tenant may have a memorial of a judgment against the deceased joint tenant removed as a cloud on the title where no other steps were taken by the creditor prior to the joint tenant's death except to file the memorial, as such action does not sever the joint estate; and where the title was registered in the names of the joint tenants as joint tenants, the survivor need not file a memorial of the death of the other joint tenant, but such death may be proved in the petitioner's proceeding to remove the cloud.

APPEAL from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding.

FRANK P. LEFFINGWELL, for appellant.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county directing the title to certain real estate in that county described be registered as owned in fee under a certain trust agreement by the Peoples Trust and Savings Bank, subject to certain incumbrances, and that a memorial of a judgment of Marshall Field & Co. against Samuel E. Horney is a cloud upon the title and should be removed and canceled. The proceeding was begun by Emma L. Horney filing her petition praying that a decree be entered that the title to the premises is vested in the petitioner as surviving joint tenant, free of all incumbrances except a trust deed to Oscar H. Haugan, dated December 22, 1916, securing $15,000, due in five years. Field & Co. and Joseph F. Haas, registrar of titles, were made defendants.

Field & Co. answered that it recovered a judgment against Horney in the municipal court of Chicago for $2294.94 on the 29th day of February, 1924; that an execution was issued on said judgment and delivered to the bailiff of the municipal court, who returned it "No property found and no part satisfied;" that Field & Co. caused a certified copy of the judgment to be filed in the office of the registrar of Cook county on March 12, 1924; that a memorial of the same was entered upon the register of the last certificate of title to the real estate described in the petition.

Before the hearing the petitioner filed an amended petition, which was substituted for the original petition. In the amended petition petitioner alleged Samuel E. Horney died May 14, 1924, whereby title in fee to the premises vested in petitioner, as surviving joint tenant; that petitioner had transferred the premises to the Peoples Trust and Savings Bank as trustee, and prayed that she might be allowed to withdraw from the proceedings and the Peoples Trust and Savings Bank be substituted as petitioner. After the hearing before the examiner of titles the court entered a decree finding the judgment of Field & Co. against Horney is a cloud upon petitioner's title and should be removed and canceled. The decree ordered the registrar of titles to cancel the same, and the registrar issued a certificate of title certifying that the Peoples Trust and Savings Bank, under a certain trust agreement dated December 8, 1925, owned an estate in fee simple in the premises, subject to certain incumbrances mentioned. Field & Co. has appealed.

Appellee has filed no brief, and we therefore have not the assistance that might have been rendered by the filing of such brief.

As we understand the case from appellant's brief and the abstract, the title to the real estate was originally registered under the Torrens act on January 12, 1917, in Wil-

liam Pickel, subject to two trust deeds. Afterwards by *mesne* conveyances the premises passed to and were registered in the name of Samuel E. and Emma L. Horney as joint tenants, clear of all incumbrances except a trust deed to Oscar H. Haugan to secure $15,000, and that a certificate of title was issued by the registrar January 29, 1921. On March 12, 1924, Field & Co. filed in the office of the registrar a transcript of its judgment against Horney. Horney died May 14, 1924, and his wife claimed to succeed to the title to the whole of the premises as surviving joint tenant.

Emma L. Horney was the only witness who testified at the hearing. The documentary evidence introduced included a death certificate certifying that Samuel E. Horney died May 14, 1924, and that he was the husband of Emma Horney. That certificate, and much of the other evidence heard, was admitted subject to objection of appellant.

As we understand appellant's brief, two questions are raised: First, that the proof of the death of Samuel E. Horney was not competent and was insufficient; and second, that the condition of the title must be shown by the record in the registrar's office, and the death of Horney can only be shown by the records of that office.

In support of the second proposition appellant cites *Hacken* v. *Isenberg,* 288 Ill. 589, and *In re Bickel,* 301 id. 484. Both those cases related to memorials of mechanics' liens. In the latter case the court said: "The general purpose of the Torrens system of registration of land titles has been variously stated by courts and other authorities to be, to provide a system of registration whereby it shall be possible for an intending purchaser of land to ascertain by an inspection of the register who may convey to him the title; * * * to establish a system for the registration of title to land whereby the official certificate will always show the state of the title and the person in whom it is

vested [citing cases] ; to establish a method by which the title to a particular piece of land will be always ascertainable by reference to a certificate issued by a government official, made by law conclusive in that regard."

The fee vested in Emma L. Horney by law as the surviving joint tenant. The survivor did not file with the registrar of titles a memorial of the death of one of the joint tenants. We do not think that was necessary. A memorial of the judgment of Field & Co. was filed in the registrar's office two months before the death of Samuel E. Horney but no other steps were taken by the creditor. The title was registered January 29, 1921, in Samuel E. and Emma L. Horney, husband and wife, "not in tenancy in common but in joint tenancy," and upon the death of the husband the wife succeeded to the title in fee to the whole of the land by operation of law.

Appellant argues that Field & Co. followed the procedure required by law to perfect a lien on lands not registered, and that what it did operated to sever the joint tenancy of Samuel E. and Emma L. Horney; that the filing of the transcript of the judgment is analogous to filing a contract of purchase for record prior to a transfer of the property. We cannot agree to that proposition. Nothing was done by the Horneys or anyone else prior to Samuel's death to sever the joint tenancy. By law the fee vested in Emma, as survivor of the joint tenants, upon Samuel's death, and we are of opinion the court did not err in rendering the decree.

The decree is affirmed.      *Decree affirmed.*