TOBEY ARON, as Trustee under Trust No. 220, Counterclaimant-Appellant, *v.* THE CITY OF CHICAGO, Counterdefendant-Appellee.

(No. 56882;

First District—October 20, 1972.

*Rehearing denied November 22, 1972.*

Harry B. Aron, of Chicago, for appellant.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Gayle F. Haglund, Assistant Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

This was initially an action by the City of Chicago to foreclose a lien for the costs of demolishing a certain building in Chicago. One of the defendants in said action, Tobey Aron, filed a counterclaim which alleged that the action of the City in condemning and subsequently demolishing the building was a wrongful taking of her property in violation of her due process rights, in consequence of which she prayed for a judgment in an amount equal to the value of the building which had been demolished. A final order was entered on the City's original complaint. Subsequently defendants' counterclaim was dismissed, and she now appeals from that order.

On February 5, 1965, counterclaimant, as trustee under Trust No. 220, deeded the subject of said trust, the premises located at 220-222 W. 65th Street, Chicago, Illinois (the premises in question), to Thomas Prince and Maggie P. Jenkins as tenants-in-common. The deed was subject to a number of liens, including a "[V]endor's lien in favor of grantor, for the sum of * * * [$27,868.00] * * * being the amount of judgment entered by the Circuit Court of Cook County, Illinois on February 5, 1965, * * * it being expressly agreed that a vendor's lien is retained by the grantor hereof against the above-described premises and improvements, until the above-described judgment is fully paid, according to the tenor, effect and reading of said judgment, when this Deed shall become absolute." This trustee's deed was not recorded until April 9, 1965.

On March 24, 1965, the City, under the authority of Ill. Rev. Stat. 1963, ch. 24, par. 11—31—1, filed a Demolition Complaint based on building code violations which allegedly existed on the premises. Counterclaimant was the original defendant in that action, but was never served with process. On May 25, 1965 (after the above deed had been recorded), the complaint was amended to name Maggie Jenkins as the defendant, and the counterclaimant's name was dropped. Service was had upon Maggie Jenkins.

On February 28, 1966, after a hearing, and on the authority of a court order, the building was demolished. On February 14, 1968, the City initiated the instant action to foreclose its statutory demolition lien on the premises, and counterclaimant, named as one of the defendants, was served with notice. On June 28, 1968, she filed a counterclaim, amended on April 24, 1970, in which she alleged that the demolition of the premises was an unconstitutional taking of her private property because she had never received notice of the original Demolition Complaint.

The City moved successfully to strike the amended counterclaim. The ground stated in the motion was that the counterclaimant had failed to comply with the notice provisions of the Tort Immunity Act. (Ill. Rev.

Stat. 1965, ch. 85, pars. 8—102, 1—204 and 8—103.) These sections provide that anyone who contemplates a civil action for damages against a local public entity or one of its employees whose injurious conduct comes within the scope of his employment must serve notice upon the local entity within six months from the date that the injury or cause of action accrued, and the failure to serve such notice shall bar suit for such injury.

Counterclaimant now appeals and alleges that her injury was not one of those listed by the notice sections cited by the City, and that her counterclaim, therefore, should not have been dismissed.

It may first be pointed out that the court's order did not base the dismissal of the counterclaim on the notice provisions cited by the city. The trial court apparently considered the notice statute inapplicable because, in dismissing the counterclaim, the court found:

"The allegations of the Amended Counterclaim that the destruction and demolition of the property in which counterclaimant had a vendor's lien was not in violation or a denial of counterclaimant's Constitutional rights, and is not in violation of the United States Constitution, Amendment XIV, Section 1, and the Illinois Constitution, Article II, Sections 2 & 13, and was not a taking of property without due process of law, and said action of the CITY OF CHICAGO was in all respects constitutional and in accordance with the law."

The constitutional tone of the trial court's order leads us to believe that the trial judge considered the counterclaim on its merits, as counterclaimant now asks us to do, and found that her constitutional rights had not been denied even though she had not been notified of the demolition prior to its occurrence. In its brief in this court, the City urges us to sustain the dismissal on the basis of the Illinois Tort Immunity Act, (Ill. Rev. Stat. 1965, ch. 85, pars. 8—101, *et seq.*) but it is not necessary for us to consider the possible applicability of that Act because the allegation of the counterclaimant that she was entitled to notice of the demolition action could not have succeeded in any event.

At the time the demolition complaint was filed (Ill. Rev. Stat. 1963, ch. 24, par. 11—31—1), provided that written notice of a proposed demolition be sent only to the "owner or owners," and lien holders were not entitled to such notice. In 1969, the statute was amended to provide that notice be sent to lien holders as well as to owners, but this statutory change came too late to be of any assistance to counterclaimant in this case. However, since Ill. Rev. Stat. 1963, ch. 24, par. 11—31—1, provided that the cost of the demolition may be recovered through foreclosure pro-

ceedings such as the instant suit, from the owner *"or persons interested in the property,"* (emphasis supplied), counterclaimant was properly made a party to the City's complaint.

The only question, then, is whether we are correct in classifying counterclaimant as a lien holder and not as an owner under the document of February 5, 1965, described in some detail, *supra.*

Counterclaimant asserts that even after she deeded the premises to Prince and Jenkins, she still retained her status as owner of the premises, her contention being that the reservation of a vendor's lien made the deed conditional, and, the condition of paying the judgment not having been met, the title to the premises never passed to the grantees.

With this assertion we cannot agree. It must first be stated that it is unclear as to whether the interest retained by counterclaimant is a true vendor's lien. In cases concerning vendor's liens on realty, the lien, be it impliedly or expressly reserved, is described as belonging to the vendor for the unpaid purchase price of land where he has not taken any other lien or security beyond the personal obligation of the purchaser. (*Wendell v. Pinneo,* 127 Ill.App. 319; *Carpenter et al. v. Mitchell,* 54 Ill. 126; *Gordon v. Johnson,* 186 Ill. 18, 57 N.E. 790.) In the instant case, there is nothing in the deed to indicate that the judgment described was in any way related to the purchase price of the premises involved.

However, even if we were to treat counterclaimant's interest as a vendor's lien, we would still hold that title passed to the grantees as of the time the deed was delivered to them.

■■■ It has been held that a vendor's lien created by the express contract of the parties, as is the case here, is to be regarded in the nature of a mortgage. (*Gordon v. Johnson,* 186 Ill. 18, 28, 57 N.E. 790, 793; *Carpenter v. Mitchell,* 54 Ill. 126, 130.) In the case of a mortgage on realty, the mortgagor is regarded as the legal owner of the land for all beneficial purposes, subject only to the rights of the mortgagee, which, in this case, amount only to a lien. A lien being only the remedy for a debt and not a right of property, counterclaimant's interest was a charge upon the property and not title thereto. Even if a condition of the mortgage were broken, title would not automatically revert to the mortgagee, as he would have to accomplish that result, if at all, through foreclosure proceedings.

■■ Therefore, as of February 5, 1965, when the premises were deeded to Prince and Jenkins, title passed to them, and counterclaimant lost the status of owner and with it the right to be notified of the City's proposed demolition of the premises. The circumstance of her being named as the original defendant in the demolition action and then being dismissed

396

prior to service is explained by the fact that the complaint had been filed while she was still the owner of record before the deed was recorded.

The judgment of the circuit court is affirmed.

Judgment affirmed.

LORENZ, P. J., and DRUCKER, J., concur.