WILLIAM H. HARMS, Plaintiff-Appellant, *v.* CHARLES D. SPRAGUE, Indiv. and as Ex'r of the Estate of John R. Harms, Deceased, *et al.*, Defendants-Appellees.

Fourth District   No. 4—82—0675

Opinion filed November 21, 1983.

James W. Day, of White Hall, for appellant.

Charles E. McNeely, of Jacksonville, for appellee Charles D. Sprague.

Robert H. Mehrhoff, of Carrollton, for appellees Carl T. Simmons and Mary E. Simmons.

JUSTICE MILLER delivered the opinion of the court:

The question presented by this appeal is whether a mortgage by one joint tenant of his interest in property that he owns in joint tenancy with another severs the joint tenancy. We conclude that it does not. William and John Harms, brothers, owned an improved lot in Roodhouse as joint tenants with the right of survivorship. John mortgaged his interest in the property to the Simmonses and died while the mortgage was still outstanding; his will left all his real and personal property to Charles Sprague. William Harms brought this action to determine the title and ownership of the property, naming as defendants Sprague, the devisee, and the Simmonses, the mortgagees. Sprague asserted his interest as a tenant in common, subject to the mortgage lien. The Simmonses asked that the mortgage be regarded as an existing lien, regardless of the ownership of the property. The trial court held that the mortgage severed the joint tenancy, reducing it to a tenancy in common, and that an undivided one-half interest in the property passed to Sprague on John's death, encumbered by the mortgage. William Harms appeals, and we reverse.

The facts in this case were stipulated. On June 26, 1973, William and John Harms took title to the property in question as joint tenants, not as tenants in common, with full right of survivorship; the deed reciting this was recorded June 29, 1973. Carl and Mary Simmons, husband and wife, owned an improved lot in Roodhouse that Sprague wanted to buy. Sprague paid $18,000 in cash and gave the Simmonses a promissory note for $7,000, which John Harms cosigned. The note said that it was "[p]ayable out of the proceeds from the sale of the interest of John R. Harms in a house and lot situated at 220 E. Clay St., Roodhouse, Ill., but in no event later than 6 months from the date hereof," and also that "payment of this note is secured by a real estate mortgage executed by John R. Harms." The note shows five monthly interest payments of $70 each, beginning in July 1981 and ending in November 1981. The mortgage recites that it is of John Harms' "undivided one-half interest" in the property. William Harms was not told about the mortgage. Both the note and the mortgage were executed and delivered to the Simmonses June 12, 1981, and John Harms then moved from the joint tenancy property to the property being bought.

John Harms died testate December 10, 1981, leaving his entire estate to Sprague; the Simmonses recorded the mortgage December 29, 1981. The note was not in default when John Harms died. Also, the parties agreed in the trial court that intent was irrelevant.

The trial judge accepted the parties' stipulation as his findings of fact and held that the mortgage severed the joint tenancy, creating a tenancy in common between John and William; therefore, Sprague took an undivided one-half interest in the property at John's death, subject to the mortgage; William Harms' one-half interest was unencumbered.

William Harms argues on appeal that the mortgage executed by his brother did not sever the joint tenancy and that the Simmonses' mortgage lien disappeared at the death of the mortgaging joint tenant, John Harms.

■ Four unities are required for the creation and continuation of a joint tenancy: time, title, interest, and possession. (*Tindall v. Yeats* (1946), 392 Ill. 502, 64 N.E.2d 903.) The court said in *Tindall*, "That a joint tenancy will be destroyed by the destruction of any one of its necessary unities, is axiomatic." (392 Ill. 502, 508, 64 N.E.2d 903, 906.) No case in Illinois has decided the question whether a mortgage executed by fewer than all joint tenants severs the joint tenancy. (Mattis, *Severance of Joint Tenancies by Mortgages: A Contextual Approach*, 1977 S. Ill. U.L.J. 27, 52.) The supreme court has frequently said in *dictum*, however, that a mortgage by one joint tenant of his interest severs the joint tenancy. (*E.g., Illinois Public Aid Com. v. Stille* (1958), 14 Ill. 2d 344, 153 N.E.2d 59; *Tindall; Van Antwerp v. Horan* (1945), 390 Ill. 449, 61 N.E.2d 358; *Partridge v. Berliner* (1927), 325 Ill. 253, 156 N.E. 352; *Hardin v. Wolf* (1925), 318 Ill. 48, 148 N.E. 868; *Lawler v. Byrne* (1911), 252 Ill. 194, 96 N.E. 892.) The court has also said, again in *dictum*, that a mortgage entered into by all the joint tenants does not sever the joint tenancy. *Stille.*

*Dicta* are not binding authority, though they may be persuasive. (*Williams v. Crickman* (1980), 81 Ill. 2d 105, 405 N.E.2d 799.) William Harms argues that the supreme court's *dicta* on mortgages and joint tenancies are unpersuasive because the assumption underlying them is no longer valid. That assumption is that a mortgage conveys title between the mortgagor and mortgagee; a joint tenant's mortgage of his interest therefore destroys the unity of title. William Harms argues that a mortgagee now takes only a lien on the property, and that liens, by themselves, do not sever joint tenancies. William Harms also argues that he took the entire property free of the lien of mortgage when his brother, the mortgagor, died.

In *Van Antwerp* the supreme court discussed at length the reasons for finding severance when one joint tenant mortgages his interest. That case involved a levy made under execution of a judgment on the interest of one joint tenant. The court rejected the argument that the levy, like a mortgage, severed the joint tenancy. The court believed that a mortgage was different. The interest of a mortgagee is different from the interest of a levying judgment creditor:

"The giving of a mortgage conveys title as between the mortgagor and mortgagee. (*Rohrer v. Deatherage*, 336 Ill. 450.) This is such a reduction of interest as to result in the severance of the joint tenancy. (*Lawler v. Byrne*, 252 Ill. 194.) This is a lessening of the interest of one of the joint tenants. It is apparent that when a joint tenant mortgages his interest in the property, he does not then retain the same *quantum* of interest as the other joint tenant. There has been a reduction in interest and when this reduction occurs, there is a destruction of that unity of interest which in turn severs the joint estate.

The taking of a judgment gives to the judgment creditor a lien upon the property of the judgment debtor, and we have held before that the attaching of a judgment lien upon the interest of a joint tenant does not sever the joint tenancy. (*Peoples Trust and Savings Bank v. Haas*, 328 Ill. 468.) By following this decision, it is clear that if the attaching of a judgment lien upon the interest of a joint tenant does not sever the joint tenancy, the making of a levy upon the interest of the joint tenant debtor would not be such act as would sever the joint estate, because of the fact that the levy gives no greater interest than that which the judgment creditor already possessed. (*Tenney v. Hemenway*, 53 Ill. 97; *Union National Bank v. Lane*, 177 Ill. 171.) The interest of the judgment creditor and that of a mortgagee are not identical, because, as seen, title has been passed between the mortgagor and mortgagee in the giving of a mortgage, while the judgment creditor has only obtained a lien which might or might not ripen into title, and until such title has been perfected, there has not been that destruction of the unity of interest of the joint tenant which causes a severance of the joint tenancy." 390 Ill. 449, 453-54, 61 N.E.2d 358, 360.

Although the supreme court has not expressly overruled its decision in *Rohrer*, which the *Van Antwerp* court cited for the proposition that a mortgage conveys title between mortgagor and mortgagee, that decision conflicts with a later one, *Kling v. Ghilarducci* (1954), 3 Ill. 2d 454, 121 N.E.2d 752. The question in *Kling* was whether some ease-

ments in land were created; in deciding that, the court discussed the effect that giving a trust deed had on the owner's title. The court said:

"In Illinois the giving of a mortgage is not a separation of title, for the holder of the mortgage takes only a lien thereunder. After foreclosure of a mortgage and until delivery of the master's deed under the foreclosure sale, purchaser acquires no title to the land either legal or equitable. Title to land sold under mortgage foreclosure remains in the mortgagor or his grantee until the expiration of the redemption period and conveyance by the master's deed. [Citations.]" 3 Ill. 2d 454, 460, 121 N.E.2d 752, 756.

In Illinois, mortgages are now generally spoken of as creating or giving liens. *E.g., Department of Transportation v. New Century Engineering & Development Corp.* (1983), 97 Ill. 2d 343; *Kerrigan v. Unity Savings Association* (1974), 58 Ill. 2d 20, 317 N.E.2d 39; *Merrick v. Daehler* (1972), 5 Ill. App. 3d 269, 282 N.E.2d 163.

If giving a mortgage creates only a lien, then a mortgage should have the same effect on a joint tenancy as a lien created in other ways. The supreme court has decided a series of cases considering the effect on joint tenancies of judgment liens in various stages of execution and enforcement. In *Peoples Trust & Savings Bank v. Haas* (1927), 328 Ill. 468, 160 N.E. 85, the court held that a perfected judgment lien on one joint tenant's interest did not sever the joint tenancy. In *Van Antwerp* the court held that a levy made on one joint tenant's interest did not sever the joint tenancy. And in *Jackson v. Lacey* (1951), 408 Ill. 530, 97 N.E.2d 839, the court held that a sale under levy of one joint tenant's interest did not sever the joint tenancy until the period for redemption passed.

Courts in other jurisdictions have held that a mortgage executed by one joint tenant does not by itself sever the joint tenancy; the analytical instrument common to those cases is the conclusion that a mortgage creates only a lien and does not pass or interfere with the mortgaging joint tenant's title. *People v. Nogarr* (1958), 164 Cal. App. 2d 591, 330 P.2d 858; *D.A.D., Inc. v. Moring* (Fla. App. 1969), 218 So. 2d 451; *American National Bank & Trust Co. v. McGinnis* (Okla. 1977), 571 P.2d 1198; see *Brant v. Hargrove* (App. 1981), 129 Ariz. 475, 632 P.2d 978 (deed of trust).

It has been suggested, though, that a mortgage by one joint tenant destroys the unity of interest rather than the unity of title. (Reichelderfer, *Severance of Joint Interests*, 1959 U. Ill. L.F. 932, 935; Comment, *Protecting a Mortgagee's Interest Against a Surviving Joint Tenant*, 11 Stan. L. Rev. 574, 575 (1959) (criticizing *Nogarr*).)

This must refer to more than just the subtraction of the mortgage balance from the mortgaging joint tenant's proportionate share of the property's value, for a joint tenancy may be created even though the joint tenants do not contribute equal shares of the purchase price of the property (*Paluszek v. Wohlrab* (1953), 1 Ill. 2d 363, 115 N.E.2d 764). In rejecting the argument that unequal contributions prevent the unity of interest from arising, *Paluszek* said:

"The unity of interest required for the creation of a joint tenancy refers to equality among the cotenants only as to their interest in the estate. Thus a deed granting one tenant an estate for life and the other an estate for years cannot create a joint tenancy. Nor can one tenant be granted a one-fourth interest and the other a three-fourths interest." (1 Ill. 2d 363, 365-66, 115 N.E.2d 764, 766.)

The judgment lien cases meet the objection that a mortgage destroys the unity of interest. A mortgage causes no greater reduction in a joint tenant's interest than a perfected judgment lien.

We therefore conclude that a mortgage given by one joint tenant of his interest in the property does not sever the joint tenancy. As the surviving joint tenant, then, William Harms owns the whole estate.

We also hold that William Harms' ownership of the property is unencumbered by the Simmonses' mortgage lien. In *Peoples Trust & Savings Bank v. Haas* (1927), 328 Ill. 468, 160 N.E. 85, the court held that the surviving joint tenant owned the property free and clear of a memorial of judgment that had been filed against the other joint tenant's interest during his lifetime. A similar result should obtain here. A mortgage lien represents "the remedy for a debt and not a right of property." (*Aron v. City of Chicago* (1972), 8 Ill. App. 3d 392, 395, 290 N.E.2d 363, 365.) William Harms, at his brother's death, took the whole estate under the terms of the instrument that created the joint tenancy, not as his brother's successor. (*In re Estate of Alpert* (1983), 95 Ill. 2d 377, 447 N.E.2d 796.) Therefore, we conclude that the Simmonses, as mortgagees, no longer have a lien against the property.

Because foreclosure on the property is not possible for the reasons assigned, the Simmonses are left to their remedy of suit on the note.

Reversed.

WEBBER, P.J., and MILLS, J., concur.