(No. 59515

WILLIAM HARMS, Appellee, v. CHARLES D. SPRAGUE, Indiv. and as Ex'r, *et al.*, Appellants.

*Opinion filed November 30, 1984.—Rehearing denied February 1, 1985.*

Charles E. McNeeley, of Jacksonville, for appellant Charles D. Sprague.

Robert H. Mehrhoff, of Carrollton, for appellants Carl T. Simmons and Mary E. Simmons.

James W. Day, of White Hall, for appellee.

JUSTICE MORAN delivered the opinion of the court.

Plaintiff, William H. Harms, filed a complaint to quiet title and for declaratory judgment in the circuit court of Greene County. Plaintiff had taken title to certain real estate with his brother John R. Harms, as a joint tenant, with full right of survivorship. The plaintiff named, as a defendant, Charles D. Sprague, the executor of the estate of John Harms and the devisee of all the real and personal property of John Harms. Also named as defendants were Carl T. and Mary E. Simmons, alleged mortgagees of the property in question. Defendant Sprague filed a counterclaim against plaintiff, challenging plaintiff's claim of ownership of the entire tract of property and asking the court to recognize his (Sprague's) interest as a tenant in common, subject to a mortgage lien. At issue was the effect the granting of a mortgage by John Harms had on the joint tenancy. Also at issue was whether the mortgage survived the death of John Harms as a lien against the property.

The trial court held that the mortgage given by John Harms to defendants Carl and Mary Simmons severed

the joint tenancy. Further, the court found that the mortgage survived the death of John Harms as a lien against the undivided one-half interest in the property which passed to Sprague by and through the will of the deceased. The appellate court reversed, finding that the mortgage given by one joint tenant of his interest in the property does not sever the joint tenancy. Accordingly, the appellate court held that plaintiff, as the surviving joint tenant, owned the property in its entirety, unencumbered by the mortgage lien. (119 Ill. App. 3d 503.) Defendant Sprague filed a petition for leave to appeal in this court. (87 Ill. 2d R. 315.) Subsequently, defendants Carl and Mary Simmons petitioned this court to supplement Sprague's petition for leave to appeal. That motion was granted and the petition for leave to appeal was allowed.

Two issues are raised on appeal: (1) Is a joint tenancy severed when less than all of the joint tenants mortgage their interest in the property? and (2) Does such a mortgage survive the death of the mortgagor as a lien on the property?

A review of the stipulation of facts reveals the following. Plaintiff, William Harms, and his brother John Harms, took title to real estate located in Roodhouse, on June 26, 1973, as joint tenants. The warranty deed memorializing this transaction was recorded on June 29, 1973, in the office of the Greene County recorder of deeds.

Carl and Mary Simmons owned a lot and home in Roodhouse. Charles Sprague entered into an agreement with the Simmonses whereby Sprague was to purchase their property for $25,000. Sprague tendered $18,000 in cash and signed a promissory note for the balance of $7,000. Because Sprague had no security for the $7,000, he asked his friend, John Harms, to co-sign the note and give a mortgage on his interest in the joint tenancy

property. Harms agreed, and on June 12, 1981, John Harms and Charles Sprague, jointly and severally, executed a promissory note for $7,000 payable to Carl and Mary Simmons. The note states that the principal sum of $7,000 was to be paid from the proceeds of the sale of John Harms' interest in the joint tenancy property, but in any event no later than six months from the date the note was signed. The note reflects that five monthly interest payments had been made, with the last payment recorded November 6, 1981. In addition, John Harms executed a mortgage, in favor of the Simmonses, on his undivided one-half interest in the joint tenancy property, to secure payment of the note. William Harms was unaware of the mortgage given by his brother.

John Harms moved from his joint tenancy property to the Simmons property which had been purchased by Charles Sprague. On December 10, 1981, John Harms died. By the terms of John Harms' will, Charles Sprague was the devisee of his entire estate. The mortgage given by John Harms to the Simmonses was recorded on December 29, 1981.

Prior to the appellate court decision in the instant case (119 Ill. App. 3d 503) no court of this State had directly addressed the principal question we are confronted with herein—the effect of a mortgage, executed by less than all of the joint tenants, on the joint tenancy. Nevertheless, there are numerous cases which have considered the severance issue in relation to other circumstances surrounding a joint tenancy. All have necessarily focused on the four unities which are fundamental to both the creation and the perpetuation of the joint tenancy. These are the unities of interest, title, time, and possession. (*Jackson v. O'Connell* (1961), 23 Ill. 2d 52, 55; *Tindall v. Yeats* (1946), 392 Ill. 502, 507.) The voluntary or involuntary destruction of any of the unities by one of the joint tenants will sever the joint tenancy. *Van*

*Antwerp v. Horan* (1945), 390 Ill. 449, 451.

In a series of cases, this court has considered the effect that judgment liens upon the interest of one joint tenant have on the stability of the joint tenancy. In *Peoples Trust & Savings Bank v. Haas* (1927), 328 Ill. 468, the court found that a judgment lien secured against one joint tenant did not serve to extinguish the joint tenancy. As such, the surviving joint tenant "succeeded to the title in fee to the whole of the land by operation of law." 328 Ill. 468, 471.

Citing to *Haas* for this general proposition, the court in *Van Antwerp v. Horan* (1945), 390 Ill. 449, extended the holding in *Haas* to the situation where a levy is made under execution upon the interest of the debtor joint tenant. The court found that the levy was "not such an act as can be said to have the effect of a divestiture of title *** [so as to destroy the] identity of interest or of any other unity which must occur before *** the estate of joint tenancy has been severed and destroyed." 390 Ill. 449, 455.

In yet another case involving the attachment of a judgment lien upon the interest of a joint tenant, *Jackson v. Lacey* (1951), 408 Ill. 530, the court held that the estate of joint tenancy had not been destroyed. As in *Van Antwerp,* the judgment creditor had levied on the interest of the joint tenant debtor. In addition, that interest was sold by the bailiff of the municipal court to the other joint tenant, who died intestate before the time of redemption expired. While the court recognized that a conveyance, even if involuntary, destroys the unity of title and severs the joint tenancy, it held that there would be no conveyance until the redemption period had expired without a redemption. As such, title was not as yet divested and the estate in joint tenancy was unaltered.

Clearly, this court adheres to the rule that a lien on a joint tenant's interest in property will not effectuate a

severance of the joint tenancy, absent the conveyance by a deed following the expiration of a redemption period. (See *Johnson v. Muntz* (1936), 364 Ill. 482.) It follows, therefore, that if Illinois perceives a mortgage as merely a lien on the mortgagor's interest in property rather than a conveyance of title from mortgagor to mortgagee, the execution of a mortgage by a joint tenant, on his interest in the property, would not destroy the unity of title and sever the joint tenancy.

Early cases in Illinois, however, followed the title theory of mortgages. In 1900, this court recognized the common law precept that a mortgage was a conveyance of a legal estate vesting title to the property in the mortgagee. (*Lightcap v. Bradley* (1900), 186 Ill. 510, 519.) Consistent with this title theory of mortgages, therefore, there are many cases which state, in *dicta*, that a joint tenancy is severed by one of the joint tenants mortgaging his interest to a stranger. (*Lawler v. Byrne* (1911), 252 Ill. 194, 196; *Hardin v. Wolf* (1925), 318 Ill. 48, 59; *Partridge v. Berliner* (1927), 325 Ill. 253, 258-59; *Van Antwerp v. Horan* (1945), 390 Ill. 449, 453; *Tindall v. Yeats* (1946), 392 Ill. 502, 511; *Illinois Public Aid Com. v. Stille* (1958), 14 Ill. 2d 344, 353 (personal property).) Yet even the early case of *Lightcap v. Bradley*, cited above, recognized that the title held by the mortgagee was for the limited purpose of protecting his interests. The court went on to say that "the mortgagor is the owner for every other purpose and against every other person. The title of the mortgagee is anomalous, and exists only between him and the mortgagor ***." *Lightcap v. Bradley* (1900), 186 Ill. 510, 522-23.

Because our cases had early recognized the unique and narrow character of the title that passed to a mortgagee under the common law title theory, it was not a drastic departure when this court expressly characterized the execution of a mortgage as a mere lien in *Kling*

*v. Ghilarducci* (1954), 3 Ill. 2d 455. In *Kling,* the court was confronted with the question of when a separation of title, necessary to create an easement by implication, had occurred. The court found that title to the property was not separated with the execution of a trust deed but rather only upon execution and delivery of a master's deed. The court stated:

> "In some jurisdictions the execution of a mortgage is a severance, in others, the execution of a mortgage is not a severance. In Illinois the giving of a mortgage is not a separation of title, for the holder of the mortgage takes only a lien thereunder. After foreclosure of a mortgage and until delivery of the master's deed under the foreclosure sale, purchaser acquires no title to the land either legal or equitable. Title to land sold under mortgage foreclosure remains in the mortgagor or his grantee until the expiration of the redemption period and conveyance by the master's deed." 3 Ill. 2d 455, 460.

*Kling* and later cases rejecting the title theory (*Department of Transportation v. New Century Engineering & Development Corp.* (1983), 97 Ill. 2d 343; *Kerrigan v. Unity Savings Association* (1974), 58 Ill. 2d 20; *Mutual Life Insurance Co. of New York v. Chambers* (1980), 88 Ill. App. 3d 952; *Commercial Mortgage & Finance Co. v. Woodcock Construction Co.* (1964), 51 Ill. App. 2d 61) do not involve the severance of joint tenancies. As such, they have not expressly disavowed the *dicta* of joint tenancy cases which have stated that the act of mortgaging by one joint tenant results in the severance of the joint tenancy. We find, however, that implicit in *Kling* and our more recent cases which follow the lien theory of mortgages is the conclusion that a joint tenancy is not severed when one joint tenant executes a mortgage on his interest in the property, since the unity of title has been preserved. As the appellate court in the instant case correctly observed: "'If giving a

mortgage creates only a lien, then a mortgage should have the same effect on a joint tenancy as a lien created in other ways." (119 Ill. App. 3d 503, 507.) Other jurisdictions following the lien theory of mortgages have reached the same result. *People v. Nogarr* (1958), 164 Cal. App. 2d 591, 330 P.2d 858; *D.A.D., Inc. v. Moring* (Fla. App. 1969), 218 So. 2d 451; *American National Bank & Trust Co. v. McGinnis* (Okla. 1977), 571 P.2d 1198; *Brant v. Hargrove* (Ariz. Ct. App. 1981), 129 Ariz. 475, 632 P.2d 978.

A joint tenancy has been defined as "a present estate in all the joint tenants, each being seized of the whole ***." (*Partridge v. Berliner* (1927), 325 Ill. 253, 257.) An inherent feature of the estate of joint tenancy is the right of survivorship, which is the right of the last survivor to take the whole of the estate. (*In re Estate of Alpert* (1983), 95 Ill. 2d 377, 381; *Bonczkowski v. Kucharski* (1958), 13 Ill. 2d 443, 451.) Because we find that a mortgage given by one joint tenant of his interest in the property does not sever the joint tenancy, we hold that the plaintiff's right of survivorship became operative upon the death of his brother. As such plaintiff is now the sole owner of the estate, in its entirety.

Further, we find that the mortgage executed by John Harms does not survive as a lien on plaintiff's property. A surviving joint tenant succeeds to the share of the deceased joint tenant by virtue of the conveyance which created the joint tenancy, not as the successor of the deceased. (*In re Estate of Alpert* (1983), 95 Ill. 2d 377, 381.) The property right of the mortgaging joint tenant is extinguished at the moment of his death. While John Harms was alive, the mortgage existed as a lien on his interest in the joint tenancy. Upon his death, his interest ceased to exist and along with it the lien of the mortgage. (*Merchants National Bank v. Olson* (1975), 27 Ill. App. 3d 432, 434.) Under the circumstances of this case,

we would note that the mortgage given by John Harms to the Simmonses was only valid as between the original parties during the lifetime of John Harms since it was unrecorded. (Ill. Rev. Stat. 1981, ch. 30, par. 29; 27 Ill. L. & Prac. *Mortgages* sec. 65 (1956).) In addition, recording the mortgage subsequent to the death of John Harms was a nullity. As we stated above, John Harms' property rights in the joint tenancy were extinguished when he died. Thus, he no longer had a property interest upon which the mortgage lien could attach.

In their petition to supplement defendant Sprague's petition for leave to appeal, the Simmonses argue that the application of section 20—19 of the Probate Act of 1975 (Ill. Rev. Stat. 1981, ch. 110½, par. 20—19) to the facts of this case would mandate a finding that their mortgage on the subject property remains as a valid encumbrance in the hands of the surviving joint tenant. Section 20—19 reads in relevant part:

> "(a) When any real estate or leasehold estate in real estate subject to an encumbrance, or any beneficial interest under a trust of real estate or leasehold estate in real estate subject to an encumbrance, is specifically bequeathed or passes by joint tenancy with right of survivorship or by the terms of a trust agreement or other nontestamentary instrument, the legatee, surviving tenant or beneficiary to whom the real estate, leasehold estate or beneficial interest is given or passes, takes it subject to the encumbrance and is not entitled to have the indebtedness paid from other real or personal estate of the decedent." (Ill. Rev. Stat. 1981, ch. 110½, par. 20—19.)

While the Simmonses have maintained from the outset that their mortgage followed title to the property, they did not raise the applicability of section 20—19 of the Probate Act of 1975 at the trial level, and thus the issue is deemed waived. (*Board of Education v. Kusper* (1982), 92 Ill. 2d 333, 343; *Snow v. Dixon* (1977), 66 Ill.

2d 443, 453.) Moreover, because we have found that the lien of mortgage no longer exists against the property, section 20—19 is inapplicable, since plaintiff, as the surviving joint tenant, did not take the property subject to an encumbrance.

For the reasons stated herein, the judgment of the appellate court is affirmed.

*Judgment affirmed.*