733 P.2d 864

**TEXAS AMERICAN BANK/LEVELLAND, Plaintiff-Appellee,**

v.

**Mary MORGAN, Defendant-Appellant,**

**W.N. Halliburton, First Federal Savings & Loan Association of Clovis, Defendants.**

**No. 16368.**

Supreme Court of New Mexico.

Feb. 25, 1987.

C. Barry Crutchfield, Templeman and Crutchfield, Lovington, for defendant-appellant.

David G. Grow, Walker, Tatum, Grow & McDowell, Clovis, for plaintiff-appellee.

## OPINION

WALTERS, Justice.

On March 28, 1983, defendant Halliburton executed a warranty deed to himself and defendant Morgan, as joint tenants. The deed was recorded on April 6, 1983. At the time of the conveyance, defendant First Federal Savings and Loan Association held a mortgage covering the north 75.35 feet of the deeded property. The priority and amount of the mortgage held by First Federal Savings and Loan Association was stipulated to by plaintiff Texas American Bank (Bank), and defendants First Federal Savings and Loan Association, and Morgan.

On November 2, 1983, Bank loaned Halliburton $100,000 which was secured by a note and mortgage covering the real property jointly owned by Halliburton and Morgan. Morgan was not a party to the loan or the mortgage. The mortgage was recorded on November 16, 1983.

On July 30, 1984, Halliburton conveyed by warranty deed his remaining interest in the property to Morgan. That deed was recorded on August 3, 1984.

Following a default in payments, the Bank sued for foreclosure and the trial court entered a Judgment of Foreclosure and Sale covering all of the real property. Morgan appeals. We reverse and remand.

Morgan raises the question whether Halliburton, as a joint tenant, could execute a mortgage which would encumber her interest in the property without her consent. Additionally, she contends that the execution of the mortgage by Halliburton severed the joint tenancy and that the Bank stepped into Halliburton's shoes at the time of the mortgage; consequently, that the proper remedy is a partition with foreclosure on what was Halliburton's interest at the time the mortgage was executed.

New Mexico has never addressed whether one joint tenant may encumber the property interest of another cotenant without consent. The jurisdictions which have decided this question, however, have uniformly agreed that one cotenant may not encumber the other cotenant's interest without consent. *See, e.g., First National Bank of Southglenn v. Energy Fuels Corp.*, 200 Colo. 540, 618 P.2d 1115 (1980); *Harms v. Sprague*, 119 Ill.App.3d 503, 75 Ill.Dec. 155, 456 N.E.2d 976 (1983), *aff'd*, 105 Ill.2d 215, 85 Ill.Dec. 331, 473 N.E.2d 930 (1984); *American National Bank and Trust Co. v. McGinnis*, 571 P.2d 1198 (Okl. 1977); *Glenn v. Webb*, 565 S.W.2d 876 (Tenn.App.1977).

Illinois has said that " 'an act or contract by one joint tenant respecting the joint property without the authority or consent of his cotenants cannot bind or prejudically affect the latter.' " *Motz v. Central National Bank*, 119 Ill.App.3d 601, 608, 75 Ill.Dec. 137, 143, 456 N.E.2d 958, 964 (1983) (quoting 23 Ill. L. & Prac. *Joint Tenancy* § 23 (1979)). We agree with that appraisal.

■ A fundamental principal of property law is that a grantor can only give that which he owns. *See* 23 Am.Jur.2d *Deeds* § 336 (1983). Halliburton, being a joint tenant, was not free to execute a mortgage which would encompass a greater interest in the property than he owned himself. It stands to reason, therefore, that the mortgage which Halliburton executed could not encumber Morgan's interest in the property. *See Harms v. Sprague; First National Bank of Southglenn v. Energy Fuels Corp.; American National Bank and Trust Co. v. McGinnis; Glenn v. Webb.* Even so, that does not mean that the mortgage severed the joint tenancy.

■ In New Mexico, a mortgage is merely a lien and title does not pass to the mortgaged property, *Slemmons v. Massie*, 102 N.M. 33, 34, 690 P.2d 1027, 1028 (1984); hence, title and joint tenant unities are unaffected by the execution of a mortgage. *American National Bank and Trust Co.*

*v. McGinnis,* 571 P.2d at 1200. Since the joint tenancy unity remains intact, a necessary conclusion is that the execution of a mortgage which encumbers one joint tenant's interest in property does not sever the joint tenancy. *See, Harms v. Sprague; American National Bank and Trust Co. v. McGinnis; Brant v. Hargrove,* 129 Ariz. 475, 479, 632 P.2d 978, 982 (App.1981).

The Bank relies on *Everett v. Gilliland,* 47 N.M. 269, 141 P.2d 326 (1943), for its assertion that Morgan took Halliburton's interest in the property subject to the mortgage because Morgan, upon receiving Halliburton's remaining interest, became the sole owner of the property and all the interests and encumbrances in the property merged, causing the mortgage to encompass Morgan's as well as Halliburton's interest.

*Everett,* on its facts, is not helpful in deciding this case. Halliburton was not free to encumber Morgan's interest. Yet the Bank urges us, essentially, to expand the mortgage encumbering Halliburton's interest to encumber Morgan's property interest, too. We do not agree that the encumbrance on Halliburton's interest and the later deed will "merge" so that the Bank's lien can reach more than it had a right to foreclose upon at the time it took the mortgage.

■ The corollary of the rule that a grantor can only give that which he owns, *see* 23 Am.Jur.2d *Deeds* § 336 (1983), is that a grantee can only receive that which the grantor is entitled to convey. Morgan, by way of warranty deed, received Halliburton's encumbered property interest. Halliburton was unable to execute a mortgage encumbering the entire property; likewise, Morgan was unable to receive Halliburton's interest unencumbered by the mortgage. But the Bank, having received a mortgage only upon Halliburton's interest, is unable to enlarge that encumbrance, after the fact, to encompass the entire property.

Our decision is buttressed by the evidence that at the time Halliburton executed the mortgage, the Bank was on constructive notice, by reason of recordation, that Halliburton was merely a joint tenant. *See Angle v. Slayton,* 102 N.M. 521, 523, 697 P.2d 940, 942 (1985). The Bank did not require Morgan's approval of the mortgage, and we will not do for the Bank what it failed to do for itself. *See Clovis National Bank v. Harmon,* 102 N.M. 166, 692 P.2d 1315 (1984).

Accordingly, we reverse the trial court and remand for judgment consistent with the interests of the parties.

IT IS SO ORDERED.

SOSA, Senior Justice, and RANSOM, J., concur.