James E. GLENN and wife, Hallie Jean Glenn, Plaintiffs-Appellees,

v.

Frank N. WEBB and wife, Rita D. Webb, and Harold Morris and wife, Juanita Morris, et al., Defendants-Appellants.

Court of Appeals of Tennessee, Middle Section.

Dec. 2, 1977.

Certiorari Denied by Supreme Court May 1, 1978.

Abridged Opinion June 1, 1978.

OPINION

TODD, Judge.

*With the concurrence of participating judges, the original opinion has been abridged for publication.*

The plaintiffs, James E. Glenn and wife, sued Frank N. Webb and wife, Harold F. Morris and wife, Morris & Webb Development Co., Inc., Dekalb County Bank and Trust Co., and William F. Dyer, substitute trustee, to enjoin a threatened foreclosure, for an adjudication of the rights of the parties and to recover a judgment against the Webbs, the Morrises, and Morris & Webb Development Co. for damages for breach of warranties and/or covenants in a warranty deed.

The Chancellor entered a decree adjudging the respective rights of plaintiffs and defendants, DeKalb County Bank and William F. Dyer, substitute trustee, and no appeal is made from this part of the decree.

The Chancellor awarded plaintiffs judgment against Frank N. Webb and wife, Harold F. Morris and wife and Morris & Webb, Inc., for $6,050.85 compensatory damages. Only the Morrises have appealed from this portion of the decree.

The Chancellor awarded plaintiffs judgment against Frank N. Webb and wife and additional judgment of $5,750.00 as punitive damages, from which award there is no appeal.

Thus, the only parties to this appeal are the Glenns and the Morrises and the only issue on appeal involves the $6,050.85 judgment rendered in favor of the Glenns and against the Morrises.

The first assignment of error is as follows:

"It was error for the Trial Court to find against the defendants Morris and hold them liable for debts incurred without their consent by their co-tenant in common."

The background of this controversy is as follows:

Originally, appellants Morris and wife were tenants in common with a Mrs. Dutton in the ownership of a tract of land.

Robert E. Bonner, Jr., McMinnville, for plaintiffs-appellees.

William Dyer, Smithville, Kirk C. Waite, Nashville, for defendants-appellants.

Mrs. Dutton sold her interest to Webb and wife, so that Webb and wife and Morris and wife owned the land in common.

Thereafter Webb and wife encumbered their interest in the property to DeKalb County Bank.

Still later, without knowledge of the encumbrance, appellants, Morris and wife, joined with Webb and wife in a deed to plaintiffs which deed contained the usual covenants and warranties as to title.

The efforts of the bank to collect the mortgage precipitated this lawsuit and resulting decree of the Chancellor.

■ Appellants first insist that, in the absence of authorization or ratification, the action of one co-tenant is a nullity insofar as the interests of other co-tenants are concerned. This appears to be the general law as to actions of a co-tenant without the joinder or other co-tenants. However the result is otherwise in respect to actions in which co-tenants join.

■ In *Campbell v. Lewisburg & Northern R.R. Co.*, 160 Tenn. 477, 26 S.W.2d 141 (1929), the Supreme Court held:

"The chancellor properly held that the obligation of the covenant of warranty was a joint obligation of the grantors of the deed to the Lewisburg & Northern Railroad Company. *Watts v. Ramsey*, 156 Tenn. 463, 2 S.W.2d 409." 160 Tenn. 497, 26 S.W.2d 147.

*Watts v. Ramsey*, 156 Tenn., 463, 2 S.W.2d 409 (1927) involved the question of whether a wife is liable in damages for breach of covenants in a deed which she and her husband jointly executed. The Supreme Court said:

". . . we have been cited to no authority, and have been unable to find any, holding that a married woman who has been emancipated from all disabilities of coverture, and given the *status* of a *feme sole* is not liable for a breach of covenants, where she expressly purports by the deed to convey an absolute title and to covenant against incumbrances. In such circumstances, if the deed does not express the real agreement of the parties, the remedy would be a bill in equity for reformation of the deed." 156 Tenn., pp. 469, 470, 2 S.W.2d p. 410.

In *Jordan v. Trice*, 14 Tenn. (6 Yerg.) 479 (1834), trustees were held liable upon a warranty even though they had no personal interest in the transaction in which the warranty was made.

In *Castleman Construction Co. v. Pennington*, 222 Tenn. 82, 432 S.W.2d 669 (1968), there was a similar situation in that one of two co-tenants mortgaged his interest after which both co-tenants joined in a warranty deed. This Court recognized the rights of a purchaser against the co-tenant who did not mortgage but did join in warranties and covenants, but this Court relieved the innocent conveyor on the ground that the real plaintiff was the title insurance company which had erroneously certified the land to be unencumbered and thereby induced the innocent tenant to join in the deed. The Supreme Court reversed and held the innocent tenant liable. The opinion discussed the fact that the innocent tenant entrusted the management of the property to her co-tenant, but the result was that both conveyors were held liable under their covenants in their deed.

Under the clear and unquestioned authority in this State, appellants are liable for breach of the covenants in the deed they signed even though they were not responsible for the encumbrance and had no knowledge of it.

■ Appellants also insist that they should not be held liable because the same attorney who prepared the mortgage executed by the Webbs also represented plaintiffs in the purchase of the property from the Webbs and the Morrises. Appellants conceive that it was the duty of said attorney to disclose to his clients the existence of said mortgage and that his failure to do so is the real cause of the present difficulty. No authority has been cited to support this insistence.

It would have been most fortunate for all concerned (except the Webbs) if said attorney had remembered the mortgage and ver-

ified its discharge before closing the purchase by his clients. Nevertheless, this Court is at a loss as to any rule of law whereby to defeat the claim of plaintiffs because of the circumstances stated. Plaintiffs had the right, if they chose to do so, to rely entirely upon the representations and covenants of the Webbs and Morrises, as stated in their deed. This, plaintiffs evidently did.

The first assignment of error is respectfully overruled.

The remaining assignments of error are as follows:

ASSIGNMENT OF ERROR NO. 2

"It was error for the Trial Court to allow William F. Dyer to testify as to the indebtedness owing to the bank, such testimony on his part being hearsay.

ASSIGNMENT OF ERROR NO. 3

"It was error for the Trial Court to allow testimony from records of the De-Kalb County Bank by William F. Dyer, counsel for said Bank.

ASSIGNMENT OF ERROR NO. 4

"It was error for the Trial Court to allow the introduction of the records of the DeKalb County Bank without proper foundation being laid for their introduction."

This Court would be amply justified in disregarding the last three assignments because they are not properly supported as required by the Rules of this Court.

A detailed examination of the record discloses that certain incompetent evidence was presented as to which exceptions were not preserved by proper objections.

 In order to be available on appeal, objections must be timely and properly presented to the Trial Court. This did not occur.

Assignments 2, 3, and 4 are respectfully overruled.

It is true that appellants appear to have been imposed upon by their former co-tenants, the Webbs. If so, the courts are open to an action against the Webbs for re-dress. However, it would not be just to deny appellees the benefit of an assurance of title signed by appellants, albeit ignorantly and ill-advisedly.

No reversible error is found in the judgment of the Trial Judge which is affirmed. All costs, including costs of this appeal, are taxed against appellants.

Affirmed.

SHRIVER, P. J., and DROWOTA, J., concur.