# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

| | | | |
|---|---|---|---|
| **MARY L. ELDRIDGE,** | ) | | |
| | ) | | |
| Plaintiff/Appellee, | ) | Sumner Circuit No. 16910-C | |
| | ) | | |
| **v.** | ) | | |
| | ) | Appeal No. 01A01-9808-CV-00451 | |
| **ANTHONY W. ELDRIDGE,** | ) | | |
| | ) | | |
| Defendant/Appellant | ) | | |

**FILED**

**September 29, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

### APPEAL FROM THE CIRCUIT COURT OF SUMNER COUNTY
### AT GALLATIN, TENNESSEE

### THE HONORABLE THOMAS GOODALL, JUDGE

For the Plaintiff/Appellee:

John Pellegrin
Gallatin, Tennessee

For the Defendant/Appellant:

Regina L. Farmer
White House, Tennessee

**AFFIRMED IN PART, REVERSED
IN PART AND REMANDED**

HOLLY KIRBY LILLARD, J.

CONCURS:

ALAN E. HIGHERS, J..

SEPARATELY CONCURS AND DISSENTS:

DAVID R. FARMER, J.

**OPINION**

This is a divorce case. The husband appeals from the final divorce decree, asserting that the trial court precluded him from presenting evidence at the divorce trial. The husband also appeals the trial court's decision regarding alimony and division of marital property. We affirm in part, reverse in part, and remand.

Defendant/Appellant Anthony Wayne Eldridge ("Husband") and Plaintiff/Appellee Mary Lucy Eldridge ("Wife") were married twelve years. There are no children of the marriage. On May 14, 1997, Plaintiff/Appellee Mary Lucy Eldridge ("Wife") filed a complaint for divorce alleging inappropriate marital conduct, or in the alternative, irreconcilable differences. Husband filed an answer and countercomplaint alleging irreconcilable differences, or in the alternative, inappropriate marital conduct. Wife also filed a motion for alimony pendente lite, asserting that she is disabled and has been unable to work for two years.

On June 6, 1997, the trial court conducted a hearing regarding Wife's motion for temporary alimony.[1] Wife testified that she was unemployed and her monthly expenses were $610. Wife also stated that her outstanding medical bills totaled $4,000. Husband testified that his annual gross income was approximately $30,000 to $35,000. The trial court ordered Husband to pay $100 per week in temporary alimony, "all reasonable and necessary household bills," certain medical expenses, and maintain the parties' health and life insurance.

On January 30, 1998, Wife filed a motion for contempt and for a restraining order, alleging that Husband had not paid two household bills and that Husband attempted to "break into" the home and vandalize Wife's personal property. The trial court dismissed the motion.

The divorce trial began on March 20, 1998. Wife testified regarding her health, past employment, and the value of the parties' property. At the conclusion of Wife's testimony, the trial court adjourned for the day and scheduled the resumption of the trial for April 9, 1998. This was subsequently rescheduled to June 5, 1998.

Prior to the resumption of the trial, Husband filed a motion to suspend support payments, and Wife filed another contempt motion based on Husband's failure to pay temporary alimony. On May 19, 1998, the trial court conducted a hearing regarding the pending motions. At the conclusion of the hearing, the trial court ordered both of the parties to submit a proposed final divorce decree. The

---

[1]The record of the testimony in this matter consists of a brief statement of the evidence which summarizes the testimony of the witnesses.

trial court indicated that it intended to sign one of the proposed decrees. Both parties filed a proposed final decree and a list of marital assets.

The trial court did not adopt either of the proposed decrees. It entered the following final decree:

> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the parties shall be and are hereby declared divorced per their stipulations, per the June 6, 1997, Order, pursuant to Tennessee Code Annotated § 36-4-129 . . . .
>
> 1. That the real property located at 139 Alexander Lane, Bethpage, Tennessee be vested solely in the Wife, and the Wife shall be responsible for any indebtedness on such real property. The Husband shall execute a quitclaim deed transferring all of his interest in such real property to the Wife, and Husband shall be responsible for the 1997 Sumner County taxes. Wife shall be responsible for all necessary improvements and repairs.
>
> 2. That Husband shall continue to maintain health insurance on the Wife for twenty-four (24) months.
>
> 3. That Husband shall pay to the Wife the sum of ONE HUNDRED (100.00) DOLLARS per week as rehabilitative alimony for a period of twenty-four (24) months . . . .
>
> 4. That the Wife shall remain in possession of all personal property and affects of the home, including the parties' dog, riding lawn mower and air compressor located at 139 Alexander Lane, Bethpage, Tennessee, except items located in the 30' X 40' storage building, which Husband shall obtain within fifteen (15) days of the entry of this Order. Further, that Wife shall remain in possession of her separate personal property.
>
> 5. That Husband shall be awarded the 1980 Chevy Pickup Truck, his Camaro, the 1984 Tempo, the farm tractor and the dune buggy. Wife shall be awarded the 1985 Pontiac 6000. Each party shall be responsible for any debt associated with such vehicle.
>
> 6. That the parties shall equally divide Husband's 401K Alley-Cassetty Coal Co. in the amount of EIGHT THOUSAND SIX HUNDRED TWENTY-SIX ($8,626.00) DOLLARS. Further, that a Qualified Domestic Relations Order be submitted to effect this transaction.
>
> 7. That the parties shall equally divide the parties' joint Savings Account in the amount of SEVEN HUNDRED FIFTY ($750.00) DOLLARS, payable within ninety (90) days of the entry of this Order.
>
> 8. That the Husband shall be responsible for the arrearages on alimony and the household bills in the amount of ONE THOUSAND FOUR HUNDRED TWENTY-ONE ($1,421.00) DOLLARS. Such amount shall be payable within ninety (90) days of the entry of this Order.
>
> 9. That each party shall be responsible for their own attorneys' fees.
>
> 10. That the Husband shall be held responsible for the costs of this cause .…

On June 5, 1998, Husband filed a motion to stay the judgment and a motion to reconsider, asserting that the division of property was inequitable and that there was no showing that Wife was entitled to rehabilitative alimony. Husband's motion also stated that "[t]his Court has heard no proof whatsoever about the proper division of the marital estate in this matter, and the Order should be set aside[,] and this court should hear proper proof." On June 18, 1998, the trial court stayed the implementation of the judgment. On July 17, 1998, the trial court denied Husband's motion to reconsider and lifted the stay which was previously granted. On August 28, 1998, Husband filed a

2

motion to set aside the judgment, contending that he was "not afforded an opportunity to present evidence relating to the division of property or the propriety of . . . alimony." On September 16, 1998, the trial court denied Husband's motion for a new trial. From this order, Husband now appeals.

On appeal, Husband argues that the trial court erred in precluding him from the opportunity to present proof. Husband also contends that the trial court erred in awarding Wife rehabilitative alimony as well as a judgment for an arrearage in temporary alimony, and in dividing the parties' property.

Since this case was tried by the trial court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Tenn. R. App. P. 13(d).

Husband first contends that his right to due process was violated when the trial court, after hearing Wife's testimony, asked the parties to submit proposed final decrees and indicated that it would sign one of the proposed decrees, thus precluding Husband from presenting proof. Wife argues that Husband made no contemporaneous objection, effectively waiving this issue on appeal. Husband responds that "such procedural irregularities" constitute plain error which do not warrant objection.

Tennessee courts have long recognized that, in order to preserve an issue on appeal, an objection must be made in a timely manner before the trial court. *See Glenn v. Webb*, 565 S.W.2d 876, 879 (Tenn. App. 1977).

> It is a general rule of trial practice that a party is not permitted to withhold objection to an occurrence during the trial, saving the objection as an "ace in the hole" to be used in event of an unfavorable outcome. Rather, parties are required to make timely objection or motion to remedy an error to enable the correction of the error and the avoidance of the expense of a new trial, and a failure to make such timely objection or motion is considered a waiver. (citations omitted).

*McGrath v. Mitchell*, No. 89-10-II, 1989 WL 57732, at *7 (Tenn. App. June 1, 1989); *see also Varley v. Varley*, 934 S.W.2d 659, 667 (Tenn. App. 1996).

In this case, the divorce trial began on March 20, 1998. After Wife's testimony, the trial court adjourned and scheduled the resumption of the trial for April 9, 1998. This was later rescheduled to June 5, 1998. On May 19, 1998, the parties again appeared before the trial court to address motions filed by both parties. At that time, the trial court ordered the parties to submit

3

proposed final decrees and indicated that it would sign one of the proposed decrees. Husband did

not object and submitted a proposal for the trial court's consideration. Subsequently, the trial court

drafted the final decree. The record reflects that the first objection to the trial court's failure to

permit Husband to submit proof was in Husband's motion to reconsider. Husband then filed a

motion to set aside the judgment, affirmatively alleging that he was "not afforded the opportunity

to present evidence . . . ." Thus, Husband made no objection until the trial court had ruled on the

substantive issues.

Under these circumstances, we must conclude that Husband failed to timely object. Husband

may not refrain from objecting until he determines whether he will receive a desirable outcome. *See*

*Varley*, 934 S.W.2d at 667; *McGrath*, 1989 WL 57732, at *7. Therefore, this issue is deemed

waived on appeal.

Husband also appeals the trial court's decision to award Wife rehabilitative alimony. The

trial court awarded Wife $100 per week in rehabilitative alimony, for a period of twenty-four

months. Under Tennessee Code Annotated § 36-5-101 (d), the factors to consider in determining

alimony include:

> (A) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;
> (B) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earning capacity to a reasonable level;
> (C) The duration of the marriage;
> (D) The age and mental condition of each party;
> (E) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;
> (F) The extent to which it would be undesirable for a party to seek employment outside the home because such party will be custodian of a minor child of the marriage;
> (G) The separate assets of each party, both real and personal, tangible and intangible;
> (H) The provisions made with regard to the marital property as defined in § 36-4-121;
> (I) The standard of living of the parties established during the marriage;
> (J) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;
> (K) The relative fault of the parties in cases where the court, in its discretion, deems it appropriate to do so; and
> (L) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

Tenn. Code Ann. § 36-5-101 (d) (Supp. 1998).

The determination of the amount of alimony in a given case is in the discretion of the trial court. *Ford v. Ford*, 952 S.W.2d 824, 827 (Tenn. App. 1996) (citing *Ingram v. Ingram*, 721 S.W.2d 262, 264 (Tenn. App. 1986)). On appeal, "wide latitude" is given to the trial court's decisions on spousal support. *Crain v. Crain*, 925 S.W.2d 232, 233 (Tenn. App. 1996).

The statement of the evidence indicates that Wife had various jobs during the course of the marriage. However, in recent years Wife had several surgeries and has been unable to work on a full-time basis since 1995. Wife testified that she planned to enroll in college and obtain a degree. Wife stated that she attempted to obtain health insurance and was denied by three insurance companies. Based on the record in this cause, we cannot conclude that the trial court's award of $100 per week in rehabilitative alimony for a period of twenty-four months was an abuse of discretion.

Husband also asserts that the trial court committed error in ordering Husband to pay $1,421 in alimony arrearages and household bills, in light of the trial court's earlier denial of Wife's previous motion for arrearages in alimony and payment of household bills. Prior to resumption of the trial, Wife filed several motions for contempt based on Husband's failure to pay temporary alimony. On January 30, 1998, Wife filed a motion for contempt for failure to pay alimony. By order dated February 25, 1998, the trial court dismissed this contempt petition. On May 12, 1998, Wife filed another contempt motion alleging that Husband was four alimony payments in arrears and failed to pay five household bills. Husband filed a motion to suspend *pendente lite* alimony.

On May 19, 1998, the trial court held a hearing on Husband's motion to suspend *pendente lite* alimony and Wife's May 12, 1998 motion for contempt. The statement of the evidence submitted for this appeal mentions the hearing, stating:

> Testimony focused on the following issues: whether alimony *pendente lite* support should be suspended while the Husband was on leave of absence from his employer under the Family and Medical Leave Act to care for his father; and whether Husband was in contempt for failure to pay certain items.

The statement of the evidence says nothing further about the evidence presented at the hearing or any rulings made by the trial court. Consequently, we must assume that Wife's motion for contempt was still pending at the time the trial court entered the final decree.[2]

---

[2]The trial court entered an order on September 16, 1998 which stated in part that both parties were found to be in technical contempt of court.

Although Husband asks this Court on appeal to reverse the trial court's order that Husband pay Wife $1,421 in alimony arrearages and household bills, there is no transcript of the hearing on this issue and the statement of the evidence does not describe the evidence presented on this issue. "A party raising issues on appeal is responsible for furnishing the appellate court with a record that will enable that court to reach the issues raised." *Word v. Word*, 937 S.W.2d 931, 933 (Tenn. App. 1996). *See* Rules 24(b) and (c) of the Tenn. Rules of App. Proc. "Without any evidentiary record there is no way to determine if the evidence preponderates against the [trial court's] findings of fact." *Bishop v. Bishop*, 939 S.W.2d 109, 110 (Tenn. App. 1996). In the absence of a transcript or a statement of the evidence that describes the evidence presented on this issue, "we must assume that 'the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings.'" *Word*, 937 S.W.2d at 932 (quoting *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. App. 1992). Therefore, we affirm the decision of the trial court on this issue.

Husband also asserts that the trial court inequitably divided the marital property. Tennessee Code Annotated § 36-4-121(c) directs the trial court to consider the following factors:

(1) The duration of the marriage;

(2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;

(3) The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;

(4) The relative ability of each party for future acquisitions of capital assets and income;

(5) The contribution of each party to the acquisition, preservation, appreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;

(6) The value of the separate property of each party;

(7) The estate of each party at the time of the marriage;

(8) The economic circumstances of each party at the time the division of property is to become effective;

(9) The tax consequences to each party; and

(10) Such other factors as are necessary to consider the equities between the parties.

6

Tenn. Code Ann. § 36-4-121(c) (1996). The trial court is accorded wide discretion in adjudicating the interests of the parties in jointly held property. *Ford*, 952 S.W.2d at 825. *See also Fisher v. Fisher*, 648 S.W.2d 244, 246 (Tenn. 1983).

In this case, the primary marital asset is the marital residence. Wife testified that the value of the marital home was approximately $28,300 to $30,000 but that the property was in need of repair. Wife also valued tools, tool boxes, and filing cabinets stored in a building on the property at $9,000. Based on the statement of evidence and the record in this cause, we find that the evidence does not preponderate against the trial court's overall division of marital property.

However, Husband contends that the trial court included in the award to Wife items of Husband's separate property. In his brief to this Court, Husband states that "several of the items which the Defendant alleges are his separate property were awarded to the Plaintiff, including the Defendant's personal family photographs and high school memorabilia." Husband does not itemize the property he contends is separate property other than family photographs and high school memorabilia. Wife testified that she would give Husband photographs of his family, and on appeal stipulated orally that Husband would be given his "personal effects."

To the extent that the trial court's award of marital property to Wife included items which are clearly Husband's separate property, such as photographs of his family and his school memorabilia, the trial court's division of marital property is reversed. The remainder of the trial court's division of marital property is affirmed. The cause is remanded to the trial court to determine if Wife has transferred to Husband these items of separate property, as stipulated on appeal.

Therefore, the decision of the trial court is affirmed, except insofar as the trial court's award of marital property to Wife included items which are clearly Husband's separate property, such as photographs of Husband's family or Husband's school memorabilia. Wife has stipulated that these items will be transferred to Husband, and the cause is remanded for the trial court to ascertain if this has been done.

The decision of the trial court is affirmed in part, reversed in part, and remanded as set forth above. Costs are taxed against Appellant, for which execution may issue if necessary.

_____**HOLLY KIRBY LILLARD, J.**

**CONCUR:**

_____
**ALAN E. HIGHERS, J.**

_____
**DAVID R. FARMER, J.**

8